Sewall, J.
This mode of extent, provided by statute, applies only to the case of an equity of redemption ; that is, the title or interest of the mortgagor in lands which have been conveyed and are holden by a subsisting mortgage. The sale is to be made with reference to the prior encumbrances ; and if it produces more than the sum to be levied, with the expenses, the surplus is to be paid to the judgment debtor. And he retains a right of redeeming against the purchaser for three years, by paying the sum satisfied on the execution, with the interest, and also such sums as the purchaser may have paid to the mortgagee, deducting the rents and profits.
If there was in the case at bar no subsisting mortgage, other than the charge by Putnam, under his title created after the attachment by Champney, then an extent by appraisement, within thirty daya after the judgment, was the only course for Champney to take, in order to avail himself of his prior attachment. And a levy and sale, as of an equity of redemption, was without authority of law, and wholly without effect.
It becomes, therefore, necessary to the title of the demandant, and be must insist upon the continuance of the mortgages of Hildreth to Mellen, if the sale by the officer made a title to the demandant., the purchaser. For then he has a right in equity, which may entitle him to a remedy by process in equity, to redeem against those mortgages. But in that case he has no title to the possession against the mortgagee, or against Putnam’s assignee. [ * 425 ] * Mellen is either the mortgagee, notwithstanding the discharge, or the assignee of Putnam, to whose use and benefit the mortgages are to be regarded as subsisting encumbrances. And it is impossible to consider this demandant as acquiring an equitable title in consequence of the conveyance, and at the same time to consider those mortgages as extinguished and defeated, without any expense to him. Even upon the supposition which might be made, that the mortgage had been redeemed by Hildreth, the mortgagor and execution debtor, if the demandant has any title at all, it must be because the encumbrances are still subsisting for the use and benefit of the mortgagor, and to secure to him the reimbursement of his money, paid, in that case, for the use of the demandant.
The demandant comes in the right of the mortgagor, and cannot *421 claim against the effect of his deeds to the tenant, who is, if the demandant has any title or pretence of title, a mortgagee in possession, or the assignee of a subsisting mortgage, originally made to himself, and, as to this demandant, claiming under mortgages not redeemed or discharged, and subject to which his title was acquired. Perhaps it may be stated, as a general rule, applying in all cases of this kind, that the purchaser of an equity of redemption can aver no' seisin or title against any other person than the execution debtor, or his immediate tenants or assigns.
The demandant might recover, therefore, against Putnam., if he had been in possession by virtue of his deed from Hildreth, and supposing the mortgages to remain due to Mellen; but he cannot recover against Mellen, for either he is still the mortgagee, or he claims under a purchaser of the mortgage, or under some one who has redeemed the encumbrance for the use of the present demand-ant ; and until that is redeemed, the demandant has no seisin or title. According to the agreement under which this case comes before us, the demandant must therefore be called, (a)

Demandant nonsuit.

 [ Warren vs. Child, 11 Mass. Rep. 222.— White vs. Bond, 16 Mass. Rep. 400. Chickering vs. Lovejoy & Al. 13 Mass. Rep. 51. — Stat. 1815, c. 137, sec. 3. — Ed.]