John H. Pillsbury *versus* Robert M. N. Smyth.

If there be no direction in the execution to any officer of the county where-in the land lies, a levy of such execution thereon by an officer of the county is without authority, and void as to a subsequent attaching creditor.

The sale of an equity of redemption of real estate is void, if there was no mortgage upon the land, and the debtor had an unincumbered title thereto, at the time of the seizure on the execution.

The remedy by *scire facias,* under the provisions of Rev. Stat. c. 94, § 23, does not extend to a case, where there has been a sale of an equity of re-demption of real estate, and no interest in the land has passed thereby, because there was no mortgage upon the estate at the time of the seizure on the execution.

But where there has been a return of satisfaction of an execution by an officer from the proceeds of the sale of an equity of redemption of real estate, when no right or interest passed by such sale, from a mistake in the mode of proceeding, the creditor has a remedy at common law, by a writ of *scire facias,* to obtain a new execution upon the judgment.

This case came before the Court upon the following state-ment : —

*Scire facias* to revive a judgment of this Court, and to have an alias execution issued. The plaintiff introduced a judgment of the Court, rendered October Term, A. D. 1839, in this county, for $4301,56, debt, and $17,56, costs. An execution issued Nov. 21, 1839.

On the 11th December, 1839, the execution was levied on ¼ of a township of land in Aroostook county by an officer of that county, and the execution returned satisfied thereby in the sum of $2424,01, which levy was duly recorded in Aroos-took county. The execution contained no direction to any officer in that county.

On the 5th December, 1839, the plaintiff also caused the defendant's right in equity of redeeming a lot of land and house in Bangor, and also a tract of land in Jarvis' Gore, to be

seized, and after proper proceedings, to be sold, according to law, on the 17th of January, after ; the said lot in Bangor selling for $1500, and said lot in Jarvis' Gore for $425. Both were sold to the plaintiff, and the execution was returned satisfied by avails of the sales in the sum of $1875,26, after deducting fees, $49,96. The execution was seasonably returned into Court, and no further proceedings had upon it.

On the 4th of Sept. A. D. 1838, James N. Cooper, by virtue of an execution in his favor against the same debtor, duly issued, made a levy on the same ¼ part of the township in Aroostook County, and the execution and levy were seasonably recorded and returned. On the 7th July, 1840, Ford Whitman & al. by virtue of an execution duly issued in their favor against said Smyth, levied on the house and lot in Bangor, and set the same off by metes and bounds; and afterwards said creditors commenced an action for possession of said premises against said Smyth, in which action judgment was rendered in favor of those plaintiffs, and they were duly put into possession by virtue of the writ of possession issued on said judgment, and they still retain possession. The mortgage, supposed to exist on said lot and house, had before said seizure on Pillsbury's execution been fully paid. In all said actions against Smyth, there were attachments on the original writs, the said Pillsbury's being first in order, said Cooper's next, and said Whitman's last, all being made prior to the year 1838 ; all said levies and seizures were made within 30 days after rendition of said judgments respectively. The Court are to render such judgment as the legal rights of the parties require.

*A. W. Paine,* for the plaintiff, said that this process was brought under the provisions of the Rev. Stat. c. 94, § 23.

The levy in the county of Aroostook was void, because the execution contained no direction or authority to any officer in that county. It was so decided by Judge Story in the Circuit Court of the United States, in a case growing out of this very levy. For that amount then we are entitled to have execution.

We are also entitled to have execution for the sums for which the equities sold. The Revised Statutes are to govern in this case. 8 Shepl. 53 and 206; 9 Shepl. 321; 1 Metc. 426 and 154. The term "levied upon," as used in the statute, includes not only lands set off, but lands, the right of redeeming which, had been sold. The seizure and sale of an equity is expressly called a *levy* in the statute.

But without the aid of the statute we have a remedy at common law. By the common law *scire facias* will lie to revive a judgment, when no title has been acquired by a sale of an equity. 1 Greenl. 309; 12 Mass. R. 1; 2 Saund. 72 (d); 9 Mass. R. 92; 15 Mass. R. 137; 12 Mass. R. 195; 19 Pick. 433; 7 Pick. 52.

*Cutting*, for the defendant, said there was nothing in the case, which shows, that the plaintiff was dispossessed by the second levy, or that he would ever be disturbed in his title.

As to the sale of the equities, they do not come within the provisions of the statute authorizing this process. That extends only to levies on land, and not to deeds of an equity of redemption. The statute is in derogation of the common law, and should be construed strictly. In a levy upon land, the creditor gets nothing unless he obtains a title to the land. On a sale of the equity, he obtains his money; and whether any title is acquired under the sale is a matter between the officer and the purchaser. The creditor cannot have his money, and still collect it of the debtor. No case has been found, where there has been an attempt to revive a judgment which has been satisfied by the sale of an equity of redemption.

The opinion of the Court was drawn up by

TENNEY J. — No question is made, that the plaintiff failed to obtain any right in the estate of the debtor upon which he levied his execution in the county of Aroostook; or that the return of the sale of an equity of redemption of the land in Bangor gave him no title therein; in the former levy the officer who made it had no authority, the execution not being directed to any one in that county; and in the latter, the

debtor having an absolute title to the land itself, when the seizure upon the execution was made, the proceedings of the officer were not such as the statute required in reference to such an estate. *Foster* v. *Mellen,* 10 Mass. R. 421. By the process, which he has now instituted, he seeks to revive the judgment, so far as the returns of these two levies show satisfaction, and to obtain an alias execution. And he first relies upon the Revised Statutes, c. 94, § 23, which provides, "If after the execution is returned or recorded, it should appear to the creditor, that the estate levied upon was not the property of the debtor, or not liable to be seized on execution, or that it cannot be held thereby, the creditor may sue out of the clerk's office of the Court, from which the execution issued, a writ of *scire facias,* to the debtor, requiring him to show cause, why an alias execution should not be issued on the same judgment, and if the debtor, after having been duly summoned, shall not show sufficient cause to the contrary, the levy of the former execution may be set aside, and an alias execution shall be, thereupon, issued for the amount then due on the original judgment without interest or further costs."

The execution having been duly returned and recorded, the statute clearly applies to the extent upon the land in the county of Aroostook, it appearing from the facts agreed, that another creditor has since duly levied upon the same land, and it cannot be held by the plaintiff's extent. The objection to a revival of the judgment and a renewal of the execution, because the plaintiff has not been disturbed in his possession, *non constat,* he never may be, urged by the defendant's counsel, is not founded upon any fact in the case, and it becomes unnecessary therefore to consider, what it would avail, if it were so.

The statute, however, relied upon by the plaintiff, does not seem intended to embrace the case of a levy upon an equity of redemption, where the creditor cannot hold any thing thereby. When the section cited is examined in connexion with others preceding in the same chapter, the legislature had in view only a levy by appraisal and set-off, and not that when

the purchaser at a sale of an equity of redemption or personal chattels failed to obtain a right therein. It refers to cases, where the creditor does not obtain what he supposed passed to him as a creditor by the levy directly, and not when the title failed in a stranger who was the purchaser, and who should resort to the creditor for indemnity for the money expended. The language, "If after *the* execution has been returned or recorded, it should appear to *the* creditor, that *the* estate levied upon," &c. imports, that it was the execution creditor and levy spoken of previously in the same chapter, and not intended as applying generally to all levies by sale, as well as by set-off.

The plaintiff contends that he is entitled under this process to the remedy sought by the principles of the common law. In the case of *Ware* v. *Pike*, 3 Fairf. 303, the Court held, that the statute of 1823, c. 210, giving a remedy by *scire facias* in cases therein named, did not annul those previously existing; and the statute cited by the plaintiff in support of this action, being limited to cases where the levy was by appraisal, and not by sale, it cannot by implication take from him any of the appropriate remedies, which existed before.

When an officer attempts to dispose of property upon an execution in his hands, in a manner unauthorized by law, so that the purchaser acquires no right thereto, the judgment is not in reality, satisfied; if he should cause goods to be appraised, or an entire estate in land to be sold on an execution against an individual, the title to the property would remain unchanged; the debtor would lose, and the creditor would gain no rights thereby. The return of the officer itself may exhibit essential defects; or if not, proof that the property was not of the description, to which the proceedings were legally applicable to pass the title, may be adduced. In neither case can it be pretended that the judgment is discharged; the doings of the officer and his return are in fact a mere nullity. The same result would follow, if the debtor had no interest in the property taken, and the owner should assert his right, and in the end, the creditor should receive nothing towards his

judgment. If the return itself should not disclose the error, it would be *prima facie* evidence of satisfaction, and after the execution should be returned, the officer could make no alteration in the return without the order of Court. If a purchaser, not the debtor but a stranger, of property sold in the ordinary mode upon execution, obtained nothing under the sale, for want of title in the debtor, payment in such case would, like other payments made in mistake, be without consideration, and could be recovered back; it would be gross injustice for a creditor and officer to expose for sale, goods which they had obtained by a trespass, and after sale and receipt of the purchase money throw upon the purchaser, the loss occasioned by recovery by the owner of his rights, in taking the property or compelling the buyer to pay its value; if the creditor be the purchaser, and obtained nothing, because no title existed in the debtor, this ceremony of sale cannot be satisfaction.

What is the process of *scire facias*, and what is its object? It is a judicial writ, is founded on some matter or proceeding of record, a judgment, recognizance, or letters patent, and on some matters incidental thereto, a regular and judicial statement of which is to further and accomplish the end and intent of that record, by insuring its proper operation in behalf of parties legally interested therein. Co. Litt. 524 and note I. Blackstone, in vol. 3d of the Commentaries, 421, says, "all writs of execution must be sued out within a year and a day after judgment is entered; otherwise the Court conclude *prima facie*, that the judgment is satisfied and extinct, yet it will grant a writ of *scire facias* in pursuance of the statute of Westminster 2, 13 Edw. 1, c. 45, for the defendant to show cause why the judgment should not be revived and execution had against him. In *Flagg* v. *Dryden*, 7 Pick. 52, where property not belonging to the debtor had been sold on execution, in reference to the owner's rights, the Court remark, " he may have his action of trespass against the officer, and the officer his suit of indemnity against the creditors, if they agreed to indemnify him, and they will have a right to *scire facias*, for new executions upon their judgments. In *Sig-*

*ourney & al. administrators,* v. *Stockwell & al.* 4 Metc. 518, it does not seem to be doubted, that *scire facias* is a proper process, when a judgment has been obtained, and execution remains to be done, but cannot be issued by reason of events subsequent to the rendition of judgment, in the ordinary mode ; but refuse it in that case, as unnecessary for the purpose of doing justice between the parties.

In the case before us, the return of the sale of the equity of redemption upon the execution, was *prima facie* evidence of satisfaction of the sum returned as received therefor ; but it was only such. The facts agreed, which are not objected to as inadmissible, show that the officer mistook the course of proceedings, and they were entirely without effect ; the right of property was not transferred from the debtor to the creditor, who was the purchaser ; nothing was received by the latter as the fruit of his judgment ; it appears satisfied by the return from the proceeds of this sale for a large sum, whereas the creditor has received and can receive nothing. If he is not entitled to a revival of the judgment in this form, or in an action of debt, he is without redress ; and by his ignorance of the state of the debtor's title, has lost the benefit of his judgment to the amount satisfied from this supposed, but ineffectual sale.

Judgment revived for the amount which appears by the return of the execution to be satisfied by the levy upon land in the county of Aroostook, and the sale of the equity of redemption in Bangor, and execution to issue therefor and for any other sum not satisfied by the return.