## O'CONNER *vs.* YOUNGBLOOD.

1. A sale under execution is not void, merely because the officer sells a less interest in the property than the defendant really owns.

Error to the Circuit Court of Lowndes. Tried before the Hon. Nathan Cook.

SAFFOLD for the plaintiff in error insisted, that the sale was void, and cited Guerant v. Anderson, 4 Rand. 208; Knight v. Leak, 2 Dev. & Bat. 133; Bunts v. Cole, 7 Blackf. 266; Nesbitt v. Dallam, 7 Gill & J. 494; Jones v. Caswell, 3 Johns. Cas. 29; Pillsbury v. Smith, 25 Maine, 427; Mellville, 15 Mass. 82; Sheppard v. Simpson, 1 Dev. 237; Hurst & Shipp v. Weathers, 15 Ala. Rep. 417.

JUDGE & STONE, for defendant in error.

PARSONS, J.—This was an action of detinue, brought by the plaintiff in error against the defendant to recover a slave. There was a verdict and judgment for the defendant. The plaintiff took a bill of exceptions on the trial, by which it appears that the slave was sold by a constable, under several executions issued by a justice of the peace, against the property of the plaintiff. It appears that the executions, the levy and sale were regular; that several years previously the plaintiff and his wife intermarried, at which time she was in possession of said slave; that at the time of the sale, the constable publicly stated that he sold the lifetime interest of the plaintiff's wife in the slave, and actually sold said interest; that the slave was purchased by the defendant at the sale for the sum of one hundred and one dollars; that the slave was worth from three hundred to four hundred dollars, and her yearly hire from sixty to seventy dollars; and that the plaintiff at the time of the levy and sale, which took place in Lowndes county, lived in Mobile. The Circuit Court charged the jury, in effect, that if they believed the foregoing facts, they ought to find for the defendant, and that it would not vary the case, if they should find that at the time of the sale and

before, the constable proclaimed that he only sold the lifetime interest of Mrs. O'Conner, to which charge the plaintiff excepted.

The plaintiff's counsel contends that the sale was void, because the constable sold an interest, the supposed life estate of the wife, which does not appear to have existed, except in the imagination of the constable. Upon the facts stated, the presumption of law certainly is, that the property of the slave was in the plaintiff himself, and that his wife, since the time of the marriage, has had no interest whatever in the slave. For the purpose of supporting his conclusion, the plaintiff's counsel has refered us to several decisions, and we will briefly notice those which we think are most in point.—In Pillsbury v. Smith, 25 Me. 427, the plaintiff caused his execution against the defendant to be levied upon the defendant's supposed equity of redemption in some real estate, which supposed right of redemption was accordingly sold and the plaintiff became the purhaser. It was afterwards ascertained the mortgage which Smith had executed upon the real estate, had been discharged before the levy and sale; so that, in fact, there was no equity of redemption, but Smith owned the entire estate. The plaintiff's execution was returned satisfied to the extent of the proceeds of the sale of the supposed equity of redemption in the real estate, which was in two parcels, one of which was afterwards sold under the execution of another creditor as the property of Smith. Pillsbury afterwards brought a *sci. fa.* to revive his judgment and to have execution notwithstanding the sales, upon the ground that the plaintiff had acquired no title to the supposed equity of redemption. And the court sustained the proceeding, remarking that "the debtor having an absolute title to the land itself, when the seizure upon the execution was made, the proceedings of the affair were not such as the statute required in reference to such an estate." The court treated the sale of the supposed equity of redemption, as a sale of nothing, as a nullity, and relieved the plaintiff in execution from his purchase. But it must be remarked in the first place, that it was a direct proceeding to set aside the sale, &c. and in the next, that the sale there was of a supposed estate which did not exist, and that the mode of the proceeding in reference to the supposed equity of redemption was not

such as the statute required in regard to an absolute title. Further, it is consistent with the bill of exceptions in the present case, to suppose that the purchaser and all others present were aware that the executions were against the property of the plaintiff, not of his wife, and that the constable did not therefore intend to proclaim or to sell the supposed life estate as the present property of the wife, but as the property of the husband in right of his wife. In this way we think he must have been understood. There is no evidence of fraud in the purchaser. It was probably believed by him and others that the husband, in truth, had only an estate for the lifetime of his wife in the slave—hence the low price at which the slave was sold. The most that can be said is, that in the present case, the officer took it upon himself to sell a limited interest when in realty the defendant in execution had the absolute estate in the slave. It appears that, although the defendant in execution had the absolute property in the slave, yet the purchaser only acquired the interest that was actually sold.—Guerrant v. Anderson, 4 Rand. Rep. 208; Knight v. Leak, 2 Dev. & Bat. Law, 133. We therefore think the sale was not void as against an innocent purchaser. Such a sale might probably be set aside in a direct proceeding for that purpose, but if so, it would be done upon equitable terms. If there could be no summary proceeding for this purpose before the justice of the peace, it could be done perhaps in equity.

Let the judgment be affirmed.