GILBERT GROVER & wife *vs.* VESPASIAN E. FLYE.

A levy of an execution, by selling the equity of redemption of land which appears to be subject to a mortgage to secure a sum of money not yet due, is void, if before such levy the sum secured by the mortgage has been paid, although neither the judgment creditor nor the officer had actual or constructive notice of such payment.

WRIT OF ENTRY. The demandants claimed title under the levy of an execution by selling the equity of redemption of the premises.

At the trial in the superior court, before *Lord,* J., it appeared that at the time the levy was made the premises appeared on record to be subject to a mortgage to the Blackstone Loan and Fund Association, to secure certain sums of money a portion of which was not then due ; that full payment of said sums had been made and a discharge of the mortgage and release of the premises by the said association executed before the levy, but the discharge and release were not recorded until afterwards ; and that neither the judgment creditor nor the officer had actual or constructive notice of such discharge until the record thereof. The judge ruled that it was immaterial, for the purposes of this action, whether the mortgage upon the premises had been dis-charged, unless the creditor or officer had actual or constructive notice thereof before the seizure of the land on the execution, and that a sale of the equity without such notice was regular and proper.

The jury returned a verdict for the demandants, and the tenant alleged exceptions.

*S. H. Phillips,* for the tenant

*S. B. Ives, Jr.* for the demandants. The demandants do not controvert the position that land under mortgage when attached must, if the mortgage is actually discharged before levy, be levied upon by extent. But the mortgage in the present case had never been discharged, so as to affect these demandants. A discharge of a mortgage is at common law a conveyance of the mortgagee's interest in land, and the cases in which mortgages are said to be discharged by payment of the mortgage debt are cases in which the question has been as to a discharge of the lien of the mortgage, as between the original parties or their representatives. This case calls for an application of the statute provision, requiring a deed acknowledged and recorded. Gen. Sts. c. 89, § 3. The objection is but a technical one. If the purchaser obtains a larger estate than he supposed, the debtor may redeem it by paying a smaller sum than he would otherwise have been obliged to pay. By concealing the state of his title, and leading the judgment creditor into this mistake, the debtor has enabled himself to do this. The creditor had no means of ascertaining the actual state of the mortgage debt; and, if he had, it might have been changed immediately after. See *Bullard* v. *Hinckley*, 5 Greenl. 272; *Bagley* v. *Bailey*, 16 Maine, 153.

Bigelow, C. J. It is admitted that the sums due on the mortgage to the Loan Fund Association were paid before the sale of the right in equity to redeem was made by the officer; and that these payments were made at or before the times when the several instalments became due according to the stipulation set forth in the condition of the mortgage and the bond which accompanied it and formed part of the transaction. By such payment, on familiar principles, the condition was saved and the mortgagor, the tenant, was in of his old estate. No conveyance or discharge of the mortgage was necessary to revest the estate in the mortgagor, or to defeat the title of the mortgagee. *Merrill* v. *Chase*, 3 Allen, 339, and cases cited. *Joslyn* v. *Wyman, ante,* 62. The argument, therefore, of the demandants, founded on the necessity of recording a release or discharge of a mortgage in order to defeat a title acquired by a judgment

creditor by a sale on execution of a right in equity made after such release or discharge but without actual notice thereof, falls to the ground. The act of payment in the country *ante vel apud diem* saves the forfeiture of an estate held by a conveyance defeasible on a condition subsequent. No record of such an act is necessary to make the estate a fee simple estate in the grantor or mortgagor, as against all persons claiming by a subsequently acquired title. The release of the Loan Fund Association to the mortgagor was a useless and superfluous act, which added nothing to the strength of the title which he had acquired by a performance of the condition of the mortgage before a breach.

It follows, that the title of the demandants under the sale of the right in equity to redeem the estate is invalid. The premises being unincumbered and held by the judgment debtor as an estate in fee at the time of the service of the execution, could be legally levied on only by an appraisement, and set off in the mode prescribed by law. *Forster* v. *Mellen,* 10 Mass. 421. *Freeman* v. *M'Gaw,* 15 Pick. 82. *Perry* v. *Hayward,* 12 Cush. 344.

*Exceptions sustained.*