## Ezekiel Capen *vs.* Harrison Doty & wife.

If mortgaged land has been taken on execution, and notice of a sale given by the sheriff according to law, payment and discharge of the mortgage by the debtor will not defeat a subsequent sale by the officer, pursuant to the notice.

Writ of entry. At the trial in the superior court, before *Rockwell*, J., it appeared that on the 26th of May 1864 the right in equity of the defendant Harrison Doty to redeem the premises from a mortgage was taken on an execution against him, in favor of the demandant, and due notice of the sale thereof was given by the officer; and on the 22d of the following July the debt secured by the mortgage was paid and the mortgage discharged by an instrument written on the back thereof, which was acknowledged and recorded on the same day. The sale upon the execution was made upon the 23d of the same July, to the demandant, and a deed was made and delivered, from the officer to him, on the same day, and was duly recorded. On these facts, the judge ruled that the demandant acquired no title by virtue of the said levy, and a verdict was accordingly returned for the tenants. The demandant alleged exceptions.

*H. J. Fuller*, for the demandant.

*E. H. Bennett*, for the tenants.

Gray, J. The single question in this case is whether, after mortgaged land has been taken on execution and notice of a sale given by the sheriff according to law, payment and discharge of the mortgage by the debtor will defeat a subsequent sale by the sheriff, pursuant to the notice. The statutes of the Commonwealth and the decisions of this court clearly indicate how this question must be answered.

An execution issued on a judgment in an ordinary civil action can be levied on land which is not subject to a mortgage by extent only, and on mortgaged land either by extent or by sale. Most of the existing statute provisions upon this subject are contained in the Gen. Sts. *c.* 103. By § 1 all the lands of the debtor, including his rights of redeeming lands mortgaged,

" may be taken on execution for his debts in the manner herein-after provided." Then follow provisions for the appraisement and description of the land levied on. By § 15, " the officer who serves the execution shall deliver to the creditor or his attorney seisin and possession of the premises so taken, so far as the nature of the estate and the title of the debtor will admit." By §§ 17, 19, the execution is required to be returned and recorded within three months ; and by §§ 20–23, " the levy of the execution, although neither returned nor recorded as aforesaid, shall be so far valid and effectual as against the creditor, that he shall not be permitted to waive the levy and have a new execution of his judgment," unless it appears that there is a defect or error in the proceedings, which would defeat the levy and render it void, or that the estate levied on, or part thereof, cannot be held thereby. By § 24, " the levy shall be considered as made at the time when the land is taken." This provision but confirmed the opinion of this court in *Brown* v. *Maine Bank*, 11 Mass. 158. Rep. of Comm'rs on Rev. Sts. *c.* 73, § 22, *note.* See also *Prescott* v. *Wright*, 6 Mass. 22, 23; *Heywood* v. *Hildreth*, 9 Mass. 393. By § 25, the officer is required to state in his return " the time when the premises were taken on execution." And by §§ 26, 29, 35, 38, any lands taken and set off on execution, including lands mortgaged, may be redeemed by the debtor " within one year after the levy," that is to say, " the first act of the levy." Shaw, C. J., in *Houghton* v. *Field*, 2 Cush. 144.

In case the creditor elects to have the right of redeeming mortgaged lands sold, the officer is required by § 41 to give at least thirty days' notice, to the debtor and by publication, of the time and place of sale ; and by § 43, " the levy shall be considered as made at the time of first giving the notice." After the officer has once begun the service of the execution, either by seizing the land for the purpose of causing it to be set off, or by notice of sale, " the subsequent proceedings and officer's return thereof shall be valid, although made and done after the return day, or after the removal or other disability of the officer." Gen. Sts. *c.* 103, §§ 24, 43 ; *c.* 133, § 53. Such would have been the law, in the absence of any express statute provision. *Brown* v.

*Maine Bank,* and other cases above cited. *Clerk* v. *Withers,* Holt, 303, 646 ; *S. C.* 1 Salk. 323 ; 2 Ld. Raym. 1074 ; 6 Mod. 298, 299 ; 11 Mod. 35. The debtor may redeem mortgaged land taken and sold on execution, at any time " within one year after the sale," instead of being restricted to one year from the beginning of the levy, as in case of a levy by appraisement and setting off. Gen. Sts. *c.* 103, § 44. *Houghton* v. *Field,* 2 Cush. 141.

In whichever way the execution is levied, whether by extent or by sale, as soon as the officer has begun the levy, by seizing the land in the one case, or giving notice of the time and place of sale in the other, the land, if previously attached on mesne process in the action in which the judgment has been recovered, is no longer subject merely to the lien of such attachment ; but from the moment of so beginning the levy, if the same is duly and seasonably followed up and completed, ceases to be the estate of the debtor, or to be affected by his death or insolvency. If he dies before the land is taken or seized on the execution, any attachment thereof on mesne process is dissolved. Gen. Sts. *c.* 123, § 45. But if he dies after the levy has once begun, the service of the execution may be completed as if both parties were still living. Gen. Sts. *c.* 133, § 54. So proceedings in insolvency (even after recovery of judgment in the action, inasmuch as the judgment itself creates no lien in this commonwealth) will dissolve any attachment, unless preserved for the benefit of the assignees in insolvency ; but will not affect an execution which has begun to be levied before the first publication of notice in the insolvency proceedings. Gen. Sts. *c.* 118, § 44. *Hall* v. *Crocker,* 3 Met. 245. *Cushing* v. *Arnold,* 9 Met. 26. *Andrews* v. *Southwick,* 13 Met. 536. And if the estate, when seized on execution, is subject to a prior attachment in another action, the further service of the execution is suspended, and the estate remains bound by such seizure until after the prior attachment is satisfied or dissolved. Gen. Sts. *c.* 133, §§ 50, 51.

These provisions of our statutes do but carry out and apply to real estate the general rule of law, that " an execution," as is said in some old books, meaning the service of an execution " is entire and cannot be divided," and is not affected by a

*supersedeas* after it has once begun by seizing the property, but all subsequent proceedings for collecting the debt out of the property seized have relation back to the time of the seizure. *Anon.* Moore, 542. *Clerk* v. *Withers,* above cited. *Meriton* v. *Stevens,* Willes, 271. *United States* v. *Dashiel,* 3 Wallace, 700, 702.

The necessary consequence is, that the mode of levying an execution upon real estate mortgaged is fixed by the first step of the officer in making the levy. If, when he begins to levy the execution, the property is not subject to mortgage, he must proceed by seizure, appraisement and setting off. If it is then subject to a mortgage, the levy may be either by extent or by sale. The right of electing between the two modes of proceeding is given by law to the creditor, not to the debtor. After the creditor has made his election, and the levy has begun, the prosecution and completion of the levy have relation to the first act of levy and to the condition of the land at that time, and no act or conveyance of the debtor can suspend or defeat the levy, or oblige the creditor or the officer to begin anew. If the debtor, after his land has been taken and sequestered by the levy once begun, sees fit to discharge a mortgage existing when the levy was commenced, and so increase the value of the estate, he may find his remedy and protection by paying his debt and costs and thus redeeming his estate within the year allowed him by law for that purpose; not by defeating a levy duly and seasonably made and completed under a legal seizure or notice, to the time of which all the subsequent proceedings relate, and from which they take effect. Such was the construction given to like statutes by the supreme court of Maine, in *Bagley* v. *Bailey,* 16 Maine, 151. And this view is rather confirmed than opposed by the opinions of this court, cited for the tenants.

The series of cases from *Forster* v. *Mellen,* 10 Mass. 421, to *Grover* v. *Flye,* 5 Allen, 543, in which it has been held that if no mortgage actually exists at the time of the levy, the land cannot be levied upon as if subject to a mortgage, although one has previously existed, and has been discharged without the knowledge of the creditor or of the officer serving the execution,

have no tendency to show that if a mortgage does actually exist when the levy begins and fixes the rights of the parties, those rights may be afterwards affected by the mere act of the debtor, without the knowledge or assent of the creditor or the officer. And in *McGregor* v. *Williams*, 10 Cush. 526, the mortgage, the overvaluation of which, in a levy by appraisement and setting off, was held to avoid the levy, was in existence when the land was seized upon the execution.

In *Russell* v. *Dudley*, 3 Met. 147, in which a purchaser of an equity of redemption at a sale on execution was held to be estopped to dispute as fraudulent a single mortgage which existed upon the premises at the time of the levy, the mortgage was in the same condition at the time of giving notice of the sale as when its validity was afterwards sought to be denied, and the creditor, by electing to proceed by sale, had treated the mortgage as valid, for an estate not subject to mortgage could not be levied on but by appraisement and setting off; and, as was intimated in the opinion and has since been directly decided, the doctrine of that case does not prevent a purchaser at a sale on execution from disputing the validity of one mortgage as fraudulent, if the estate at the time of levy and sale was subject to another and a valid mortgage, so that in either aspect the estate levied upon was an equity of redemption. *Stebbins* v. *Miller*, 12 Allen, 591.

In *Taylor* v. *Robinson*, 2 Allen, 562, in which the levy was by appraisement and setting off, and it was held that interest on the judgment might be computed to the time of the completion of the levy, the distinction was maintained between the time from which the title would vest and take effect, which must be the first act of the levy, in order to protect the right of the credtor against titles intervening before its completion; and the time at which the final computation of the amount of debt and costs should be made, in order to enable the creditor to obtain full satisfaction of his execution.

Time is just as necessary, to give the notice required by statute when a levy is by sale, as to make an appraisement when the levy is by setting off; and there is as much reason for not

allowing a change of title after the beginning of the levy to affect its validity in the one case as in the other. If the levy could be thus defeated and annulled, without any fault of the creditor, after the officer had made a seizure in legal form, and while he was proceeding according to law to make such seizure effectual, the right of the creditor might be lost by the death or insolvency of the debtor, or by seizure on execution in favor of another creditor, before the land should be seized anew on the first execution.                              *Exceptions sustained.*