## G. F. ROGERS ET AL. v. GEO. P. BRADFORD.

(Case No. 1391.)

1. SHERIFF'S LEVY ON INTEREST OF FIRM — DEED. — Where an execution against the individuals composing a mercantile firm is levied on certain lots as the property of the firm, and the sheriff's deed conveys to the purchaser all the estate, right, title and interest of the firm, the interest of the firm being that which is sold, the interest or estate of an individual member of the firm will not pass by the sale.

2. EXECUTION SALE — WHAT PASSES. — No other or different right or interest than that actually levied on and sold passes by an execution sale. *Quære.* Is an execution sale void where the property levied on is owned absolutely by the defendant in execution, and only an undivided half interest therein is levied on and sold?

3. SAME — VOID FOR UNCERTAINTY. — A levy and sale are void for uncertainty where the undivided half interest of R. & O. is levied on and sold, and R. and O. each individually own such undivided half interest.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

*A. B. Petticolas,* for heirs of A. Oliver.

I. When defendants are described in a petition as Messrs. Rogers & Oliver, and no other description is given in the petition of the defendants, it is to be conclusively presumed, as against the plaintiff, that the defendants were sued as a partnership firm only. Witt *v.* Miller, 25 Tex. Sup., 384; McCoy *v.* Crawford, 9 Tex., 353; Bigelow on Estoppel, 136–141; Freeman on Judgments, §§ 88, 102, 115; Rorer on Sales, §§ 474, 710, 740, 744; Hahn *v.* Kelley, 34 Cal., 391; White *v.* Jones, 38 Ill., 159; Ruby *v.* Grace, 2 Duval (Ky.), 540.

II. A judgment is conclusive of all that was or might have been litigated therein, and when two or more are bound jointly and severally, the obligee may elect to sue them jointly or severally; but having made his election, and obtained a joint judgment, his right to relief against them severally is extinguished, and the record of the suit

and judgment affords sufficient evidence of the election. Foster *v.* Wells, 4 Tex., 104; Jackson *v.* Murphy, 17 Tex., 216; Gant *v.* Reed, 24 Tex., 55; Bigelow on Estoppel, 47, 49; Beloit *v.* Morgan, 7 Wall., 619; Aurora City *v.* West, 7 Wall., 82; Mason *v.* Eldred, 6 Wall., 237; United States *v.* Price, 9 How., 94; Smith *v.* Black, 9 Serg. & Rawle, 142.

III. When an execution is issued against a firm, and the levy is upon a half undivided individual interest in a lot of land in which the firm had no interest whatever, the levy, sale and deed thereunder pass no title to the purchaser.

*Glass & Callender*, for Wm. Shry

I. If the property belonged to George F. Rogers and Andrew Oliver as individuals and not as partners, and the interest of Rogers had been sold upon an execution against him, and if the sheriff, in making a levy and sale afterwards, recognized the previous sale of one half, and levied only upon the remaining half, but levied upon it as the property of the partnership firm, and if, in his conveyance to the purchaser, he excepted the half previously sold upon execution against Rogers, and his deed purported to convey only the interest and estate of the partnership firm in the remaining half, then the levy, sale and deed are vague and contradictory, and convey no title, for they show that the partnership firm had no interest in that remaining half, but that the whole of it belonged to Oliver.

II. A levy and sheriff's deed must show what property is sold so distinctly and definitely that it can be identified; and if the description in the levy and deed is so ambiguous or vague that the property sold cannot be identified, no title passes to the purchaser. Wooters *v.* Arledge, 54 Tex., 395; Rorer on Judicial Sales, §§ 713, 714, 716, and cases cited; Huddleston *v.* Garrett, 3 Humph., 629.

III. Where the judgment and execution are only against the partnership, in that case only the partnership property is subject to levy and sale. Pasch. Dig., art. 1514; Pars. on Part., 346–349 (side paging).

IV. The judgment in cause No. 837 against Rogers & Oliver was a judgment against George F. Rogers and Andrew Oliver, and authorized execution against each of them, and levy and sale of any property owned by either of them individually, or as partners; and the law applicable to the sale of partnership property, where there is only service upon one partner, has no application to the facts of this case.

V. The sale of an undivided one half of a property (all of which belonged to two defendants), under an execution against both of them, issued upon a judgment against both of them, is but an irregularity, which might have been corrected in the court from which the execution issued in a proceeding instituted for that purpose, but if not so corrected it cannot be made available by way of a collateral attack on the purchaser's title. Freeman on Executions, sec. 339, and authorities referred to in note 3; Knight v. Leak, 2 D. & B., 133; O'Conner v. Youngblood, 16 Ala., 718.

VI. When a suit is brought for land against more than one defendant, and the defendants each claim undivided interests in the property sued for, and for convenience to themselves, without partition, occupy several parts of such property, it is error to refuse to render judgment against each and every one of such defendants for the entire sum found to be due for rent of the premises.

GOULD, CHIEF JUSTICE.— This is an action of trespass to try title to lot No. 3, block 113, in the town of Victoria, in which the plaintiff Bradford claims title under two sales, by virtue of executions issued on a judgment by default, rendered in the district court of Victoria

county February 23, 1866, in favor of "Longstreet, Bradford & Co." and against "Rogers & Oliver." On a former appeal, the case was by agreement of parties referred to the commissioners of appeal, and, in accordance with their opinion, the judgment was reversed because the court below had excluded the judgment by default against Rogers & Oliver. The purport of the opinion was that parol evidence was admissible to support and explain that judgment, and that, in the light of the evidence offered, it was a valid judgment against G. F. Rogers and Andrew Oliver, the individuals who had composed the mercantile partnership of Rogers & Oliver, and under that firm name had carried on business in the storehouse in controversy from 1860 to 1862.

On the last trial, which was before the court without a jury, the court below properly accepted the law as laid down in the opinion of the commissioners of appeal, and admitted the judgment in evidence. Counsel for Rogers *et al.* in their briefs present again the same objections to this judgment which were passed upon on the former appeal. We see no sufficient reason why this question of the validity of that judgment should again be investigated. For the purposes of this case, the two members of the court who alone sit are agreed, that the law as laid down in the opinion of the commissioners of appeal is settled as conclusively as it would have been had the case been passed on by this court without such reference, and that we have seen no good reason for entering on a re-investigation of that question.

On the last trial the court also admitted in evidence, over the objection of Rogers *et al.*, two executions on said judgment, with the returns indorsed thereon, and the sheriff's deeds evidencing sales thereunder; and the validity of these sales, and of the title acquired by the purchaser, are questions now presented not passed upon on the former appeal.

A proper understanding of these questions requires a history of the titles involved.

In 1860, when the note signed "Rogers & Oliver," on which the judgment by default was rendered, was executed, and up to 1862, G. F. Rogers and Andrew Oliver did a mercantile business under the firm name of Rogers & Oliver in thestore house on lot No. 3, block No. 113. That lot and storehouse, however, was not the property of the firm, but was owned, one undivided half interest by Rogers, and the other undivided half interest by Oliver. An execution commanding the sheriff to make the amount of the judgment of the goods, etc., of Rogers & Oliver issued on April 13, 1868, and the sheriff's return recites that he had "levied the within execution on the following described property of the within named defendants, Rogers & Oliver," . . . "the half undivided interest" in the lot in controversy, "with the improvements thereon." The sheriff's deed describes the execution as against "Rogers & Oliver, of the town and county of Victoria, also heretofore doing business in said town and county under said firm name;" recites a levy on "all the estate, right, title and interest which the said Rogers & Oliver had in and to the premises hereinafter described, excepting that portion of the herein described premises sold by said Rogers & Oliver previous to the date of the judgment upon which this execution issued, and also that portion of said premises sold under execution by virtue of a prior lien." After reciting that the premises were sold to H. E. Bradford, the highest bidder, the deed conveys "all the estate, right, title and interest which the said firm of Rogers & Oliver aforesaid had on the 23d day of February, 1866, or at any time afterwards, excepting that portion sold under prior lien (it being one half interest), in and to the following described premises, to wit, one half interest in lot No. 3," etc.

The reservation of one half interest sold under prior

lien had reference to a sale in March, 1868, under an execution on an older judgment against G. F. Rogers, which sale was of the G. F. Rogers undivided half of the lot and storehouse. Because that was the older judgment it was probably supposed to be a prior lien on the land, but in truth the judgment in favor of Longstreet, Bradford & Co. was first recorded, and therefore its lien had priority.

We think it clear, from what has been stated, that the sale actually made under the first execution was, and when made purported to be, of the right, title and interest of the *firm* of Rogers & Oliver, and not of the individual interest of either Rogers or Oliver. The former existence of the firm of Rogers & Oliver in Victoria being known, a levy on the property of Rogers & Oliver would ordinarily be understood as meaning a levy on the property of the firm. To support a judgment against "Rogers & Oliver," greater presumptions in favor of its validity would obtain than could be claimed in support of the ministerial act of the sheriff in levying and selling. Hence such a judgment may be construed as binding the individuals, Rogers and Oliver, but the levy on property as that of "Rogers & Oliver" might still be construed as on the property of the firm.

We incline to the opinion that on the face of the levy, without reference to the deed, the interest levied on and sold was that of the firm. But at all events the deed makes this certain, for it purports to convey nothing more than the interest of the firm. By executing this deed the sheriff declares that he had offered for sale and had sold the interest of the firm of Rogers & Oliver in the undivided half of the lot and improvements; and by accepting such a deed and offering it as evidence of his rights acquired at that sale, the plaintiff may well be regarded as satisfied with the sale as described therein.

It would seem scarcely necessary to adduce authority in support of the proposition that no other or different

right or interest than that levied on and sold passed by the sale. Although the officer had in his hands authority to levy on and sell the individual property of either Rogers or Oliver, or their separate interest in property held by them as tenants in common, yet as he actually levied on and sold the interest of the firm of Rogers & Oliver, and as that firm had no right or interest whatever in the property sold, the purchaser acquired nothing. If, however, authority be sought in support of the proposition, it may be found in cases cited by counsel for Bradford, under the following proposition:

The sale of an undivided one-half of a property (all of which belonged to two defendants), under an execution against both of them, issued upon a judgment against both of them, is but an irregularity, which might have been corrected in the court from which the execution issued in a proceeding instituted for that purpose, but if not so corrected, it cannot be made available by way of a collateral attack on the purchaser's title. Freeman on Executions, sec. 339, and authorities referred to in note 3; Knight v. Leak, 2 D. & B., 133; O'Conner v. Youngblood, 16 Ala., 718.

As this proposition refers as well to the second execution sale as to the first, the facts in regard to that sale may properly be here stated. In October, 1868, some months after the first sale, another execution issued, and according to the sheriff's return was levied on "lot 3, in block No. 113, in the town of Victoria, Victoria county, including one-half of the improvements thereon, levied on as the property of Rogers & Oliver." The sheriff's deed conveys "all the estate, right, title and interest which the said Rogers & Oliver had on the 23d day of February, 1866, or at any time afterwards, of, in and to the following described premises, viz.: One-half of building lot No. 3, in block No. 113, and one-half of the improvements thereon situated, the same lying and being in the

county of Victoria, town of Victoria, Texas, and generally known as the storehouse and lot of Messrs. Rogers & Oliver."

As applied to both sales, the appellee's proposition seems to regard each as a sale of the individual interest of Rogers and of Oliver to the extent of an undivided half, and to claim that though it may be irregular for the sheriff to levy on and sell an undivided interest where a defendant owns the whole, that nevertheless such a sale is not void, but stands until set aside.

Referring to the authorities cited, we find it said in Freeman on Executions, that "an execution cannot be collaterally avoided because the interest levied on and sold is less than that held by the defendant." Citing in addition to the cases cited by counsel, McLaughlin v. Shields, 12 Penn. St., 283.

The case of Knight v. Leak, the one just cited, is no authority for the proposition asserted, but is authority for the proposition that the interest actually offered for sale and sold is the only interest which passes by the sale. Under a judgment against Knight, Curtis & McIntyre, a slave was levied on and sold as the property of Knight. In truth Knight's interest in the slave was only an estate during the life of his wife, and the remainder was vested in the wives of Curtis & McIntyre, in connection with others. Under the law in North Carolina, the execution might have been levied on the interest of Curtis and McIntyre as well as that of Knight, but this not having been done, it was held that their interest did not pass by the sale.

The court, Gaston, J., delivering the opinion, say: "Nothing can pass by the sheriff's deed but that which he has levied upon and which was known at the time of sale as the subject matter thereof." Citing Sheppard v. Simpson, 1 Dev., 237, and Southerland v. Cox, 3 Dev., 374, neither of which books are to be found at this place.

Again they say, speaking of the sheriff's deed: "It recites the subject matter of the sale to be the negro Bob, 'the property of Moses Knight,' and this recital qualifies the subsequent part of the deed, as the annunciation at the sale in the same words would characterize the sale itself. It *may be* that if the mistake had been in supposing the property to be in one defendant when in truth it was the property of another, inasmuch as there was no mistake in the thing sold, the property might pass notwithstanding the mistake of title. But here one thing was sold and another is claimed. The negro was sold as the property of him who had the negro in possession, and this, without further explanation, means the immediate property in said negro; and the purchaser claims what was not sold, a right of future enjoyment, if the negro should outlast his living owner. The misfortune of the defendant is, not that he did not obtain what he purchased, the property of Moses Knight, but that instead of Moses Knight being the absolute, he was only the limited owner of Bob." The wife of Moses Knight having died and the interest in the slave sold having terminated, the remaindermen recovered the slave of the purchaser.

O'Conner *v.* Youngblood (16 Ala., 718) was a case in which the sheriff sold a life estate in a slave, supposing that to be the interest owned by the defendant. The court say that, "Although the defendant in execution had the absolute property in the slave, yet the purchaser only acquired the interest which was actually sold." Citing Guerrant *v.* Anderson, 4 Rand., 208, and Knight *v.* Leak, *supra.* Whilst the court held that the sale was not void because "the officer took it upon himself to sell a limited interest when in reality the defendant in execution had the absolute estate in the slave," it is noteworthy that no authorities are cited on this point. The case of Guerrant *v.* Anderson was not one where the party owned any greater interest than that levied on and sold. In

McLaughlin v. Shields, 12 Pa. St., the court say: "It is an exceedingly clear proposition, that, as the estate of Shields was a fee simple, nothing less than a fee could be legally sold by a judicial sale without his consent. It would lead to the most disastrous results if the sheriff is permitted at his will and pleasure to carve a less estate out of a fee simple, to sell in satisfaction of the debt, where the debtor is the owner of the fee. His duty is plain, which is to sell the interest of the debtor in the estate, without troubling himself to ascertain what that interest may be, whether a term of years, a life estate or a fee." The levy and sale was of a life estate, and because the defendant was the owner of the fee it was held that no title passed. In arguing to the conclusion above stated the court say: "The vendee at any rate cannot have any more than a life estate, because that is all he purchased. Had the misdescription been in the levy, and had the deed conveyed all the right, title and interest of the debtor, perhaps a different aspect would be given to the case; but by the acceptance of the deed, which conveys but a life estate, he estops himself from insisting on a fee." In Edwards et al. v. Allen et al., 27 Vt., 581, a levy upon an undivided interest in land owned in fee was held invalid; and in Howe v. Blanden, 21 Vt., 321, the court say: "The creditor must levy upon the whole estate which the debtor has in the premises. He cannot carve out a less estate, leaving a reversion in the debtor. This would be altogether irregular. If such a levy be made, it is void, at least as against the debtor, and no title passes under it." After this examination of the cases, we are not inclined to think them sufficient to establish appellee's proposition, that an execution sale of an undivided interest in property cannot be collaterally attacked on the ground that the defendant or defendants in execution owned the whole interest. But whilst we doubt this as a legal proposition, we have not found it necessary to

pass upon it, and do not desire to be understood as having done so. The subject is one so largely regulated in many of the states by statute, that it is often difficult to ascer-tain how far the decisions may be traced back to statutes as their foundation.

In our opinion, however, the second execution sale is subject to objection on other grounds than because it was a sale of an undivided interest, whilst the defend-ants in execution owned the whole.

As may be inferred from what has been said in speak-ing of the first levy and sale, we are inclined to the opin-ion that the second sale, like the first, was of the interest of the firm of Rogers & Oliver. But if this be left doubtful by the fact that the deed, unlike the first, fails to specify that it is the right and interest of the firm which is conveyed, we are of opinion that it is left uncer-tain what right and title was actually sold, and that, un-der the facts of the case, the sale is, for that reason, invalid. We have seen that the first sale was invalid. The second sale then was of an undivided half interest in the storehouse and lot under an execution against G. F. Rogers and Andrew Oliver, when G. F. Rogers and An-drew Oliver each owned, subject to the execution, an interest corresponding to that offered for sale. Under these circumstances the reasonable presumption would be that the levy was designed to be on the undivided half interest of one or the other of the defendants in execu-tion. Counsel for appellee say that the levy was made on the discovery, by the sheriff, that the sale under the judgment against Rogers, which had been supposed to be a prior lien on the interest of Rogers in the premises, still left that interest subject to the execution in his hands. If so, then the design was to levy on the interest of Rogers. But it is scarcely less plausible to suppose that the invalidity of the first sale under this judgment had been discovered, and that the object was to sell

the interest of Oliver. It is left wholly uncertain whose interest was sold; the undivided half interest of Rogers, or that of Oliver, or yet an undivided half of the interest of both. A sale of land described so indefinitely that it cannot be identified is void. If Rogers had owned the south half of lot 3, and Oliver the north half, and the sheriff had levied on "one half of lot 3 as the property of Rogers & Oliver," and had proceeded to sell without otherwise indicating which half of lot 3 he was selling, it is believed to be settled that such a sale would be void for uncertainty. Herman on Ex., sec. 192, citing Govet v. Woodbridge, 4 McLean, 329; Porter v. Byrne, 10 Ind., 106.

To our minds the sale as exhibited in the levy and second sheriff's deed is equally objectionable because of uncertainty, and must be held invalid.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 11, 1882.]

NOTE.— Judge STAYTON did not sit in this case.