JOHN M. CAROLAN v. JOHN S. McDONALD.

Where a vacancy occurs in the office of Clerk of the District Court, since the Act of 1849, (Hart. Dig. Art. 932) it can only be filled by appointment by the District Judge, until the next regular election for such officers, the times for which are established by said Act.

Appeal from Bexar. The facts of the case, so far as they appear of record, are these : The plaintiff and defendant were candidates for the office of District Clerk of Bexar county at the August election, 1854. Carolan received the certificate of election ; McDonald contested within the time prescribed by law. The trial of the contest was postponed until January, 1855. On the 26th of this month, the parties agreed McDonald should dismiss his proceeding—both parties to pay their respective costs ; which was done. On the same day the District Judge appointed J. M. Carolan Clerk *pro tem.* The special election took place on the 10th of February, 1855. McDonald received a certificate of election ; he gave bond and qualified. Carolan kept possession of the office and refused to deliver up the books and papers. McDonald applied to the District Judge for a *mandamus.* The appellant responded claiming that he was the rightful Clerk of the District Court by virtue of his appointment *pro tem.* of the District Judge ; that said appointment was made to fill a vacancy occasioned by virtue of his resignation, and continued in force till the first Monday of

August, 1856, according to the Act of 5th December, 1849. (Hart. Dig. Art. 932, 933, 934.)

Upon a hearing of the cause, the Judge made the rule absolute, and granted a peremptory *mandamus*. The defendant has taken this appeal.

*Hewitt & Newton*, for appellant.

*I. A. & G. W. Paschal*, for appellee.

WHEELER, J.    There is one obvious view of this case, which, in our opinion, must dispose of it on the merits, and will supercede the necessity of considering the other questions now presented.

There is no doubt that, under the law of 1848, (Hart. Dig. Art. 919,) in the event contemplated by the 20th Section of the law, the County Court might order an election for the office of Clerk of the District Court.   But there is as little doubt that this power was taken away from the County Court by the Act of the 5th of December, 1849.   (Hart. Dig. Art. 932, Sec. 2 and 3.)   The 2nd Section declares when the regular elections for this office shall be holden ; and the 3rd Section, in consonance with the provision of the Constitution upon the same subject, declares how the office shall be filled ; that is, by appointment by the Judge of the district, where a vacancy "now exists"—at the time of the passage of the Act—or "may hereafter occur" "between the times specified in this Act for holding regular elections," &c.   (Hart. Dig. Art. 933, Const. Art. IV., Sec. 11.)   From these provisions, it is clear, that a "regular" election can only be holden at the times specified ; and if a vacancy occurs in the interim, it can only be filled by appointment by the Judge.

What should be a "regular" election was not defined by the Constitution ; but was left to judicial construction, until

Carolan v. McDonald.

it should be defined by an Act of the Legislature. And in the absence of a legislative declaration, it was held by this Court, in the case of Banton v. Wilson, (4 Tex. R. 400,) that it was any election holden by authority of law. Afterwards the Statute of 1849 was enacted ; which supplies the omission, and changes the rule, before adopted ; by declaring what shall. be a regular election, and in what manner vacancies shall be filled which occur in the interim between the regular elections. (Hart. Dig. Art. 933, before cited.) Here is an instance of an affirmative, which implies a negative of any other mode of filling the vacancy, as strongly as if it had been expressed. (1 Kent Com. 469 ; Bryan v. Sundberg, 5 Tex. R. 418 ; 8 Id. 65.) We have, not only the Constitution, providing for the filling of vacancies in this office until a "regular" election ; but in addition, the Act of 1849 comes in and declares what shall be "regular" elections ; and further declares that intervening vacancies shall be filled by appointment by the Judge ; that is, in the mode provided by the Constitution. If, indeed, the Constitution does not operate to the exclusion of a power in the Legislature to prescribe any other mode of filling vacancies which cannot be filled by a regular election, the Act of 1849, in aid of the constitutional provision, certainly does exclude any other mode of filling such vacancies, than by appointment ; and, of consequence, operates a repeal of so much of the Act of 1848 (Hart. Dig. Art. 919) as authorized the filling of vacancies by election, other than a regular election, as defined by the Statute. (Hart. Dig. Art. 933.) The consequence is, that, there being a vacancy when a regular election could not be had, the appointment by the Judge conferred on the appellant the legal right to the office, and constituted him its lawful incumbent until the next regular election ; and the election, under which the appellee claimed, being unauthorized and void, conferred on him no right. The judgment must therefore be reversed, and such judgment be here rendered as the Court should have rendered ; which is, that the petition be dismissed, and the defendant below and appellant

here, be reinstated in his office of Clerk of the District Court of Bexar county.

Reversed and re-formed.