GALVESTON AND RED RIVER RAILWAY COMPANY AND ANOTHER
v. BENJAMIN A. SHEPHERD.

In an action on a note executed by one as President of a Railway Company, the Clerk issued the writ commanding the Sheriff to summon such person as President, &c., and service was made on him. Held that the writ and service were good.

Error from Harris. Tried below before Hon. P. W. Gray. The material facts are stated in the Opinion of the Court.

*D. J. Baldwin,* for plaintiff in error. The petition alleges that the Railway Company made and delivered the note to Kuhlman for $1,421 30 one year after date, and a copy is set out in the petition. The Railway Company and Kuhlman are named in the petition as defendants. The writ commands the Sheriff to "summon Paul Bremond, President of the G. & R. R. R. Co., if to be found," &c.; and the return is, "executed

by delivering a certified copy of this writ to the said P. Bremond, together with the accompanying certified copy of petition."

A judgment by default was rendered, neither of the defendants appearing.

The only question to be determined is, Was the service sufficient to warrant the judgment against the Railway Company?

By Article 675, (Hart. Dig.,) it is provided "that all writs shall state the names of the parties to the suit, the time and place of holding the Court," &c.

This is a reasonable provision, and is imperative in its language, and plain in its meaning.

The writ commands the Sheriff to summon P. Premond, &c., to appear, &c., "to answer the petition of B. A. Shepherd exhibited against him and John Kuhlman a copy of which," &c. The process, if intended as a writ in that suit, is irregular upon its face; does not conform to the Statute, and is so defective that it could not support the judgment. It was the Railway Company that was named as defendant in the petition; while the writ is against Bremond by a titular description. Bremond might or might not have been President of the Railway Company, he clearly was not a defendant in the suit, and the writ did not name the parties to the suit as required by Statute.

It is a principle of law too well settled to require more than its affirmation, that before a party can be condemned in a Court of Justice, he must either be served with process, or voluntarily appear without process and waive it. In this case no process ever issued against the Railway Company; no appearance was ever entered; nor was the service of legal process ever waived. The judgment was therefore wholly unwarranted and should be reversed.

*Henderson & Johnston,* for defendant in error. It will be seen that the first error assigned by plaintiffs is wholly without foundation.

The petition sets forth that Paul Bremond is the President of the G. & R. R. R. Co.

Citations issued to both defendants, and were properly served and returned by the Sheriff. The citation that was served upon Bremond commands the Sheriff to summon Paul Bremond, President of the G. & R. R. R. Co., to appear at the proper Term, to answer the petition exhibited against him and John Kuhlman, the suit was properly described in the citation. (Hart. Dig. Art. 674, also Art. 679.)

The case of Little v. Marler, (8. Tex. R. 107,) may be relied upon by the plaintiff to sustain this question, but that case has no analogy to the present one. That case was where the citation called upon him to appear and answer to a suit brought against him by Henderson, without any reference to his codefendants, included in the petition. Such is not the fact in this case, for the citation also includes Bremond's codefendant, John Kuhlman, and distinctly names the parties to the suit. The case of Dikes v. Monroe & Brother, (15 Tex. R. 236,) we think, sets this question at rest. It is there said, "The petition was right, and the departure from it would not have been calculated to surprise the defendant, because the copy of the petition, served upon him at the same time, would have given him more particular and special information of the nature of the action. If the petition is correct, all that can be required of the citation is substantially a conformity to the petition. We do not exact as much strictness as we would, if the citation with us was, as the writ is in the Common Law·practice, the leading process in the suit. The petition, in our system of procedure, is the leading process."

The judgment was rendered properly and at the proper Term, and at the proper time, namely, the 28th November, 1856, and in accordance with Article 812, (Hart. Dig.,) as appears from the record, the defendants not appearing and answering. And the judgment was for the proper amount, for the face of the note, fourteen hundred and twenty-one dol-

lars and thirty cents, with interest thereon from the 26th day of February, 1854, at ten per cent. per annum; amounting to three hundred and ninety dollars and seventy-eight cents, together with the principal, makes the precise sum for which judgment was rendered, which damages were properly assessed by the Clerk as prescribed by law.   (Art. 812, Hart. Dig.)

ROBERTS, J.   The objections made by defendant in error to the petition and writ of error are not sustained.

The Railway Company brings up this case upon the following assignments of error :

1st. That there was no process of citation against said Galveston and Red River Railway Company, nor any notice given the said Galveston and Red River Railway Company of the pendency of said suit.

2nd. That judgment was rendered against the Galveston and Red River Railway Company, without any notice having been issued against her, and without authority of law.

3rd. The judgment was improvidently rendered and without warrant of law.

4th. The judgment was for plaintiff when it should have been for the defendant.

The third and fourth assignments are too general to require consideration.

The first and second assignments mean the same thing, towit : that there was no process issued against or served on the Company.   The process was issued against Paul Bremond, President of the G. & R. R. R. Co., and served on Paul Bremond.   The petition of Shepherd demands a sum of money from the Galveston and Red River Railway Company, due by a promissory note, executed by "P. Bremond, President G. & R. R. R. Co.," and prays that " process may be issued against the President of the said Galveston and Red River Railway Company, whose President is Paul Bremond."   The judgment,

in conformity with the promise in the note, is rendered against the Galveston and Red River Railway Company.

The Company cannot be served with process otherwise than by serving it upon the principal officers, as President, or Secretary, or by leaving the writ at their office. The petition alleges that Paul Bremond is the President, and process is issued against and served on him; and the note sued on purports to have been given by the Company, and signed by Bremond as its President.

The error assigned, then, that there was no process issued against or served on the Company cannot prevail. Who else should be issued against, or how else could it be made to appear that Bremond was the President of the Company, and therefore the proper person to be served, than by its being shown that he executed the note in that capacity, and by being averred in the petition that he is the President of the Company.

Those assignments of error do not complain that the process which was issued and served on Bremond is defective, in not being signed or attested by the Clerk, or sealed, or in not stating the names of the parties to the suit, but that the process against Bremond is not process against the Company. Therefore, it is not required by the assignments that we should look to those formal defects of the writ which was served, if any should exist. Judgment is affirmed.

Judgment affirmed.

### APPLICATION FOR RE-HEARING.

ROBERTS, J. The Court having considered the application for re-hearing in this case, do not think the Opinion delivered in the case should be changed.

The Statute requires the Clerk to issue a writ to the Sheriff, "requiring him to summon the defendants to appear at the

proper Term of the Court, then and there to answer the plaintiff's petition, a certified copy of which shall accompany each writ or citation." (Hart. Dig. Art. 674.) Why should the Clerk require the Sheriff to summon the Company, according to literal import of this Act? Such a thing is impossible; and hence the law allows a substitute for it by providing that "all such process against such Company shall be served on the President or Secretary, or by leaving a copy at the principal office of the corporation." (Act to Regulate Railway Companies, 9th February, 1853.)

The petition having stated who was the President of the Company, and prayed that process should be issued and served upon him, the Clerk, under this law, required the Sheriff to serve the process upon him, which is just what the law required the Sheriff to do, had the writ required him to serve the Company. We think the Statute has been complied with in substance in this case.

The case cited by counsel for plaintiff in error (Walker *et al.* v. Hallett, 1 Ala. R. 379) seems to be strongly in point. It does not appear in that case what are the terms of the Statute requiring the issuance of process, and it is presumed also that the writ in that state is the leading process, and that a copy of the petition, bill or declaration does not accompany the writ. It has been said by this Court that "we do not exact as much strictness as we would if the citation was, as the writ is in the Common Law practice, the leading process in the suit." (Dikes v. Monroe & Brother, 15 Tex. R. 237; Cummings v. Rice & Nichols, 9 Tex. R. 527.)