HENRY S. JANES v. JAMES B. LANGHAM.

The 136th section of the act to regulate proceedings in the district court reads as follows: "Any party taking an appeal shall, within twenty days after the term of the court at which the judgment or decree was rendered, enter into bond, with two or more sureties, to be approved by the clerk of the court, in double the amount of the debt or damages, or the value of the slaves or other personal property adjudged, conditioned for the prosecution of the appeal with effect, and performing the judgment, sentence, or decree of the supreme court, in case the decision of said court shall be against the appellant." (Paschal's Dig., Art. 1491, Note 583.) If the appeal bond be not in *double* the amount of debt or damages, it is insufficient.

The 138th section of the same act declares, that "In case the party be unable to give the appeal bond required, such party may nevertheless appeal, by giving security for no more than costs and damages of the appeal," &c. (Paschal's Dig., Art. 1493, Note 585.)

Article 1491 binds the appellant, not only to prosecute his judgment to effect,

but also to perform the judgment, sentence, or decree, of the supreme court, in case the decision of the supreme court shall be against him.

Article 1493 binds the appellant to prosecute the appeal to effect, and to pay all such costs and damages as shall be adjudged against him in the supreme court. In this case the·appeal does not operate as a *supersedeas*. [This article prescribes no condition for the bond in words, as does the other.— *Reporter.*]

Where a bond is sufficient, in penalty, under article 1493, but follows the condition of article 1491, the bond is bad.

The fact that the condition is more onerous than is required by the statute invalidates the bond. This is not the case where the statute is followed, but the more onerous part is superadded.

The reasoning leads to the conclusion, that the bond, under article 1493, ought to be in a penalty sufficient to cover the costs and damages, (ten per cent. on the judgment, and a liberal allowance for costs will do that,) conditioned to pay the costs and damages of appeal; and, if this be not in it, it is fatal to the appeal; and, if this be included and more superadded, the more onerous part will be regarded as surplusage, and the fact of inability must be recited in the face of the bond.

The appellee is entitled to a bond which substantially complies with the statute and admits no defenses.

An affidavit of inability to give bond under article 1491 of Paschal's Dig., and that he had given bond under article 1493, filed five days after the bond, is no part of the transcript.

No such affidavit of inability is necessary. A recital of the fact in the bond is the proper mode. (Paschal's Dig., Note 585.)

APPEAL from Jefferson. The case was tried before Hon. H. C. PEDIGO, one of the district judges.

The judgment was by default and writ of inquiry upon a special verdict, which was returned on the 24th May, 1866, for $27,379 60, " and interest from the 1st day of March, A. D. 1860, to the 21st day of May, 1866, and that the land described in the plaintiff's petition is subject to the vendor's lien." The judgment followed the verdict, without calculating the interest and adding it. The interest already accrued was $12,916 57, which, being added to the principal, made the entire amount of the debt and damages $40,296 17. Double this amount would have required a bond in the penalty of $80,592 34. (Paschal's Dig., Art. 1491, Note 583.) The bond was in the penal sum of $5,100,

conditioned as required by the above article. The defendant had moved for a new trial, and filed affidavits excusing the default, and an answer of merits.

*Hill & Hill* filed the following brief for appellant on appellee's motion to dismiss: 1. The first ground of the motion is, that the "appeal bond contains no description of and does not identify the judgment appealed from." This ground is completely removed by referring to the bond itself.

It gives the title or style of the court, "that district court within and for the county of Jefferson;" it gives the term of the court at which the judgment was rendered, "at the spring term, A. D. 1866;" it gives the day of the month, "24th day of May;" it gives the names of the parties, a suit "in which the said James B. Langham was plaintiff, and the said Henry S. Janes was defendant." And it recites that notice of appeal was given, and that this bond is to perfect said appeal. It does not state the amount of the judgment, but, if the other matters stated make it reasonably certain, the amount is unnecessary. The clerk received, approved, and filed it in this case, and surely no doubt can exist as to the judgment to which the bond refers.

There may not be "certainty to a certain intent in every particular," but it satisfies the lower degrees of certainty, and makes it impossible to be mistaken. The cases relied on for appellee are not in point.

In Hollis v. Border and McGarrah v. Burney the judgment was mis-described in the bond, and for the variance the appeals were dismissed.

In Smith v. Cheatham there was but one surety, and the statute requires two.

In this case there is no misdescription and no variance.

2. The second ground of the motion is, that the bond is "insufficient in amount."

It is not pretended by the appellant that he gave or attempted to give a *supersedeas* bond. [They quoted section tion 138, and commented upon it.]

*C. L. Cleveland,* for appellee, filed the following motion:
"And now comes the appellee, by his attorney, and moves the court to dismiss the appeal in this behalf, because the appeal bond is insufficient.

"The bond contains no description of the judgment appealed from, is insufficient in amount, unless it be regarded as an attempt to perfect the appeal by a compliance with Art. 551 of O. & W. Dig.; and in that respect it is bad, because it does not show on its face that it was so designed. (Doss v. Griswold, 1 Tex., 101; Hollis v. Border, 10 Tex., 277; Smith v. Cheatham, 12 Tex., 37; McGarrah v. Burney, 4 Tex., 288.)"

COKE, J.—In this case a preliminary question arises on a motion to dismiss the appeal. Several grounds are assigned in support of the motion. It will be necessary for us to consider only one of them. It is objected that the appeal bond is not in conformity with the statute regulating the manner in which appeals from the judgment of a district court shall be taken. We think the objection is well founded. The judgment is for $27,379 60, besides costs, and the bond is in the penal sum of $5,100. In this particular the appeal bond is manifestly insufficient under Art. 549, O. & W. Dig., which requires that the bond shall be in double the amount of the debt or damages adjudged against the party taking the appeal. [Paschal's Dig., Art. 1491, Note 583.]

Nor is the appeal bond in this case in conformity with Art. 551, O. & W. Dig., the only other clause of the statute prescribing the mode of perfecting an appeal. Under this section, a party unable to give the bond in double the amount of the debt or damages, as provided in article 549,

may, nevertheless, appeal, by giving security for no more than the costs and damages of the appeal. [Paschal's Dig., Art. 1493, Note 585.]

The condition of an appeal bond, under article 549, binds the appellant not only to prosecute his appeal to effect, but also to perform the judgment, sentence, or decree of the Supreme Court, in case the decision of the Supreme Court shall be against him. An appeal bond, under article 551, binds the appellant to prosecute the appeal to effect, and to pay all such costs and damages as shall be adjudged against him in the Supreme Court, and in this case the appeal does not operate as a *supersedeas*. The condition of the bond in this case is in exact conformity to the requirements of article 549, but the bond is bad under that article, as we have seen, because insufficient in amount. The amount of the bond would have been ample under article 551, but the condition of the bond does not conform to the requirements of this section. It is, therefore, insufficient under either clause of the statute.

It is insisted, by the appellant's counsel, in argument, that the obligation in the bond, to perform the judgment, decree, or sentence, of the Supreme Court, includes the requirements of article 551, to secure the costs and damages of the appeal, and more, and that the appellee cannot, therefore, complain. We are of opinion, that the fact of the bond being more onerous than is required by the statute is by no means an argument in favor of its sufficiency.

On the contrary, as a general rule, it is believed to be well settled, that when the condition or covenants of a statutory bond are more onerous than are required by law, such a departure from the statute invalidates the bond. Such is not the case when that which is prescribed is distinctly stated in the bond, but more, not necessary, is superadded, because the unnecessary addition may be rejected as surplusage, retaining that which is properly set out, and which makes the bond a good one. If the obligation of

XXIX—27.

the bond in this case had been to pay all such costs and damages as shall be adjudged against the appellant in the Supreme Court, and to perform the judgment, sentence, or decree, &c., the latter clause could have been rejected as surplusage, and the bond in this respect would have been good under article 551, because the covenant to secure the costs and damages, being distinctly set out, is capable of being distinguished and separated from the unnecessary surplusage accompanying it. But the condition or covenants of the bond here are not divisible; it is an entirety. No part of it can be rejected. The whole must be taken together. The appellee is entitled, when his judgment is appealed from, to be secured by a bond which conforms substantially to the requirements of the statute, and which is consequently not liable to defenses of any character when it is sought to be enforced. And this is not such a bond. (James *et al.* v. Reynolds' Administrator, 2 Tex., 256.)

It is said by counsel in argument that this bond was given under article 551, and not intended as a *supersedeas* bond, but simply to recover costs and damages. We see an affidavit in the record, filed five days after the bond was filed, in which the appellant makes oath of his inability to give a bond in double the amount of the debt, and avers that he has already filed a bond to secure the costs and damages of appeal. It is hardly necessary to say that this affidavit is not properly a part of the record, and should not have been embodied in the transcript, and of course cannot be considered here. No such affidavit of the appellant's inability to give a *supersedeas* bond is necessary. A recital of that fact in the bond would have been sufficient, and the proper mode of showing the fact, and of designating the character of the bond. In Doss v. Griswold, 1 Tex., 101, it was held by this court, and we think with entire correctness, that an appeal bond, made under article 551, to secure only the costs and damages of appeal,

should show its character within itself and on its face. This is not shown in the bond in this case. In no light in which it can be viewed is the appeal bond in this case su‑ ficient.

Because the appeal has not been perfected by a proper appeal bond, the motion to dismiss the appeal will be sustained.

ORDERED ACCORDINGLY.