W. H. LEDBETTER v. J. R. AND ADELIA BURNS.
J. R. BURNS AND WIFE v. W. H. LEDBETTER.

1. APPEAL BY GIVING BOND FOR COSTS AND DAMAGE OF THE APPEAL. An
   appeal under Article 1493, Paschal's Digest, allowing appeal to persons
   unable to give appeal bond by giving bond in no more than the costs
   and damages of the appeal, does not operate as a *supersedeas;* the
   plaintiff is authorized to sue out such process as will authorize the sher-
   iff to take possession of all the personal property of the defendant and
   perhaps to levy upon lands in other counties. Such appeal does sus-
   pend the power to sell.
2. ORDER OF SALE. An order of sale issued pending such an appeal, confers
   no power to sell.
3. APPEAL BOND FOR COSTS AND DAMAGES. The recitation that appellants
   are unable to give an appeal bond in the bond for costs, etc., is the
   proper mode of showing that *fact,* and of designating the character of
   the bond.
4. AMENDMENT OF APPEAL BOND—APPROVAL OF BOND. The approval by
   the clerk is sufficient to perfect the appeal, and a bond so approved is
   sufficient unless objected to; and after objection, if insufficient in
   amount, the appellate court will allow such defect to be cured by giv-
   ing a new bond.
5. POWER OF SUPREME COURT TO REFORM A JUDGMENT. It is beyond the
   power of the Supreme Court to reform a judgment for damages found
   by a jury, by giving damages which the jury failed to assess.
6. DAMAGES—NEW TRIAL. When no special damages have been alleged or
   proven, the question of the amount of damages is for the most part
   left to the jury; and only in cases of actual damages clearly in excess
   of the verdict, will new trials be granted.

APPEAL from Fayette. Tried below before the Hon. I. B.
McFarland.

*L. W. Moore & J. C. Brown* and *Hancock, West & North,*
for Ledbetter.

*J. R. Burns* and *R. H. Phelps,* for Burns and wife.

GOULD, J.   On July 1, 1873, W. H. Ledbetter brought suit against J. R. Burns and wife Adelia, to try title to certain lots in the town of La Grange, at the same time suing out a writ of sequestration, under which he, in due time, obtained possession of the lots by giving a replevin bond.   Defendants, besides the plea of not guilty and special pleas attacking plaintiff's title, alleged that the writ of sequestration had issued wrongfully and oppressively ; that they had been forcibly dispossessed and subjected to great mortification and inconvenience, for which they claimed one thousand dollars damages, besides rent, at the rate of twenty-five dollars per month.   The result of the trial in November, 1873, was a verdict for defendants, assessing the damages at one hundred and twenty-five dollars.   Each party moved for a new trial, the defendants claiming that they were entitled to a larger amount as damages ; and these motions being overruled, each party also prosecuted an appeal.

The plaintiff claimed title under a sheriff's sale and deed made under an order of sale issued on a judgment and decree of foreclosure in the case of Doxey's Administrator v. J. R. and Adelia Burns, and their securities, McGown and White.   That judgment was rendered by the District Court of Fayette county on April 30, 1873, against J. R. Burns and the sureties, for the sum of three thousand three hundred and fifty-three dollars, and the decree was against Adelia Burns for the foreclosure, the record reciting that no moneyed judgment was taken against her, because she was a married woman.   The defendants in that case gave notice of appeal, and in due time filed a bond in the amount of two hundred dollars, which recites as follows :

" Whereas said defendants, being unable to give the official " bond required, give this bond for security of the cost and " damages of said appeal, in conformity with Article 138 of the " District Court Act," etc., and proceeds: " Now, therefore, if " the said appellants shall prosecute their said appeal with " effect, and pay all costs and damages of the appeal, in case

" the decision of the Supreme Court shall be against said appel-
" lants, then," etc.

This bond was filed and approved by the clerk on June 3,
1873, and, it is claimed by defendants, operated to suspend the
execution of the decree by the sale of property. The plaintiffs
in that case, however, on the 6th of June sued out an order of
sale, under which the lots in controversy in this case were, on
July 1, sold and bought by Ledbetter, attorney for Doxey's
administrators in the original suit, plaintiff in this case.
Whether this was a valid sale, whether an appeal perfected un-
der the section of the District Court Act referred to in the
bond (Paschal's Digest, Article 1443), operated to prevent the
execution of the judgment and decree appealed from by sale of
property, and whether the bond given by defendants in the
original case is to be regarded as a compliance with Article
1493, Paschal's Digest, are the questions affecting Ledbetter's
title.

An ordinary appeal bond is in double the amount of the judg-
ment, and secures the performance of the decree of the Supreme
Court. (Paschal's Digest, Article 1491.) When the judgment
is for the recovery of lands, it is made to operate a lien there-
on ; and, in that case, the appeal bond is only for costs and dam-
ages of appeal. (Paschal's Digest, Article 1492.) In both
cases, the appeal being perfected, further proceedings to enforce
the judgment are suspended. The next section allows a party
who is unable to give the appeal bond required, to perfect his
appeal by giving security for no more than costs and damages
of appeal, and proceeds : " But, in that case, the judgment of
" the court below shall operate as a lien upon all the property
" of the appellant, and the sheriff shall take possession of his
" personal property, and keep possession of the same or so
" much thereof as will be sufficient to satisfy the judgment of
" the appellate court during the pendency of the appeal," unless
the appellant executes a forthcoming bond.

We think that the object of this section was to suspend the
enforcement of the judgment appealed from, allowing, how-

ever, the judgment-creditor to sue out such process as would authorize the sheriff to seize and keep any personal property of appellant's liable to execution, and perhaps to levy on lands in other counties. The creditor is thus protected against loss by reason of the appeal, as he is enabled to seize whatever his execution would have reached. If, in reality, the judgment-debtor has nothing subject to execution, the creditor loses nothing. The object of the law seems to be to enable a defendant, who is unable to give an appeal bond, to protect his property from sacrifice under a judgment which he thinks erroneous by giving bond for costs and damages, but providing that all his property subject to execution may be seized and held pledged for the performance of the judgment of the appellate court. Its provisions appear to be without object and meaningless, if the appeal did not operate to suspend sales. The entire personal estate is to be seized by the sheriff and kept to satisfy the judgment of the appellate court. But if execution is still to run, the entire personal estate is, without any such provision, not only subject to be seized, but even to be sold. These provisions seem to have been inserted because they were necessary to secure the plaintiff against the loss he was otherwise liable to sustain by the suspension of the execution of the judgment. The appeal under Article 1493 does not operate as a *supersedeas*, for the party is still entitled to such process as will authorize the sheriff to take possession of the property designated by the statute. We hold, however, that it does suspend the power to sell. The order of sale under which plaintiff bought conferred no authority to sell, if the bond given was such as the statute prescribed.

It is claimed that the bond is defective, because the inability to give a regular appeal bond does not sufficiently appear, and because it was insufficient in amount. The recital of the inability in the bond appears to be sufficient, and has been said to be the " proper mode of showing the fact, and of " designating the character of the bond." (Janes *v.* Langham, 29 Texas, 418; and see Doss *v.* Griswold, 1 Texas.) As to

the amount of the bond, it is to be observed that there was no moneyed judgment against Adelia Burns, and it would be difficult to say, that as to her appeal the amount was too small. The bond, however, was approved by the clerk, and was, we think, sufficient, until objected to, to perfect the appeal as to all the parties. The usual practice is to allow a defect of ·that nature to be cured by giving an additional bond. The plaintiff could not treat it as a nullity because it was too small in amount. The sheriff's deed under which he claimed conferred no title on this branch of the case. We think the verdict and judgment correct.

There is nothing in the pleadings or in the assignment of errors bringing up the question made in appellant's brief, that defendant could not in equity hold the bond without tendering back the amount of plaintiff's bid.

Burns and wife have also appealed, and ask that the judgment be affirmed as to the title, but that it be reversed as to the damages awarded, and ask that this court override the verdict of the jury ·and reform the judgment so as to give them a larger amount. It is scarcely necessary to say, that it is beyond our power to reform the judgment by giving damages which the jury failed to assess. Nor do we feel justified in reversing the case on the ground that the damages should have been larger. But one ˙witness testified on the subject of damages, and the substance of his testimony was, that he knew the premises, and with a family the size of Burns's, he would not be turned out of house and home for less than five hundred dollars or one thousand dollars. The evidence discloses no details whatever of the circumstances attending the dispossession under the writ of sequestration. No special damages were either alleged or proved. It may be that defendants might properly have recovered larger damages, but new trials are very rarely granted on such grounds, and we do not think the evidence discloses such actual damage as enables us to say that the amount allowed is not sufficient to compensate the defendants. The very indefinite testimony on

the subject can hardly be said to have afforded any means of estimating general damage. As presented, the matter was very much within the discretion of the jury, and we cannot say that the court erred in refusing to set aside their finding. (Irvin *v.* Cooke, 24 Texas, 244.)

The judgment of the court directs that the credit of the amount of plaintiff's bid, returned by the sheriff on the order of sale, shall not stand as a credit upon the judgment, but that said judgment stand without said credit for its full amount. There were no pleadings to justify this part of the judgment, nor were the administrators of Doxie's estate parties to the suit asking such relief. Without reference to the propriety of making such an order in a proper case, we think it was improper in this case, and the judgment will, in this respect, be reversed and reformed, so as to conform to this opinion.

Reversed and reformed.

(Justice Moore did not sit in this case.)