SUN MUTUAL INS. CO. v. GEO. SEELIGSON & CO.

(Case No. 1483.)

1. GARNISHMENT — JUDGMENT. — Though there can be no judgment against a garnishee unless there be a judgment against the defendant, and this in order that the garnishee may be protected, yet if the court had jurisdiction of the person of the defendant and of the subject matter, the garnishee cannot be heard to question the conclusiveness of the judgment in the proceeding between the original

parties, for the judgment against the garnishee in such a case would protect him in any payment he might make under it.

2. Same. — In a suit against a firm the petition alleged that the Christian names of the members composing it were unknown, and the citation followed the petition. The return on the citations showed service on parties having the same surnames given in the petition, and it set forth their Christian names. Judgment was rendered by default. *Held,*

(1) It will be presumed that those thus served were the members of the defendant firm.

(2) The judgment was binding on those served; but if the garnishee was properly before the court, he would have the right to set up and show that the persons cited as defendants were not in fact defendants, and not those to whom he was indebted.

(3) Such a judgment was a sufficient basis for a judgment against the garnishee.

(4) It is not only the right, but the duty, of a garnishee to resist a judgment against himself until the court has jurisdiction over him, for otherwise his payment made under judgment against him without jurisdiction would be voluntary and would afford no protection.

3. Jurisdiction — Citation. — No jurisdiction was acquired over a garnishee, which was an insurance company, when the citation directed the agent of the company to be summoned to answer upon oath, etc. The writ should have directed the officer to summon the defendant. R. S., 187, 196, 199, 1215. Service could be made on an agent, and the writ should so direct, but the summons must be of the defendant.

4. Return of service. — A return of the officer who attempted to execute a writ of garnishment on the agent of a corporation, reciting that he had executed it "by serving a true copy thereof upon the within named James Sorley, garnishee, in person, in the county of Galveston," is not sufficient. R. S., 190.

5. Cases approved. — Graves *v.* Robertson, 22 Tex., 131; Thomason *v.* Bishop, 24 Tex., 302, and Ryan *v.* Martin, 29 Tex., 413, approved.

6. Judgment against garnishee. — Before a judgment can be taken by default against a garnishee, the return on the citation must show that a valid citation has been served.

7. Practice. — A proceeding in garnishment should be docketed as a separate suit, but a failure to do so is but an irregularity which will not vitiate the judgment.

Error from Galveston. Tried below before the Hon. Wm. H. Stewart.

*Albert N. Mills,* for plaintiff in error, cited R. S., arts. 186, 189, 194, 1215, 1218, 1223, 1225; Drake on Attachments, sec. 697, note, and 640 and cases; Ward *v.* Haggerty, 25 Tex., 144; Underhill *v.* Lockett, 20 Tex., 130; Graves *v.* Robertson, 22 Tex., 131–3; Thomason *v.* Bishop, 24 Tex., 303; Walker *v.* Hallett, 1 Ala., 379.

*Wheeler & Rhodes,* for defendants in error, cited Gillespie *v.* Redmond, 13 Tex., 13; Drake on Attachments, secs. 695, 697, 713; Ward *v.* Haggerty, 25 Tex., 144, and Bartlett *v.* Winkler, 15 Tex., 515.

Stayton, Associate Justice. — It is true that there can be no valid judgment against a garnishee unless there be a judgment against

the defendant, and for this reason a garnishee is entitled to have an inquiry made as to whether or not, when a court has assumed to render a judgment against a defendant, it had jurisdiction over his person and over the subject matter of the suit; for if it had not, the judgment against the garnishee will be no protection to him.

If, however, the court had jurisdiction of the person of the defendant and of the subject matter of the suit, then the garnishee cannot be heard to question the conclusiveness of the judgment as between the plaintiff and defendant; for the judgment against himself in such case will be full protection to him for any payment he may make under it.   Drake on Attachments, 691–698.

It is claimed that the judgment against Rowell Brothers is invalid for the reason that there was no valid service upon the persons composing that firm.

The petition did not give the Christian names of the persons who composed that firm, but alleged that the same were unknown.   The citations followed the petition, and were not more definite, but were served upon Henry Rowell and R. P. Rowell.   These persons, although cited, made default, and thereby admit the cause of action against them, and the presumption is that they were the persons who composed the firm of Rowell Brothers.

· The court had jurisdiction of their persons, and rendered a judgment against them, which is binding upon them.

If the garnishee, in any cause, when he is properly before the court, sought to show that the person cited as the defendant was not in fact the defendant and person to whom he was indebted, he would have the right so to do for his own protection.   A valid judgment is shown against Henry Rowell and R. P. Rowell and was a sufficient basis for a judgment against the garnishee.   Rogers v. Bradford, 56 Tex., 633; 1 Wash., 372; 19 Wis., 362; 3 Harrington, 425; 16 Tex., 46; 15 Tex., 327; 14 Tex., 363; 14 Pa. St., 69.

The garnishee not only has the right to resist a judgment against himself until there is a valid judgment against his creditor, or the person for whom he holds property, but he has the right, and it is his duty, to resist a judgment against himself until the court has jurisdiction over him; otherwise any payment he might make would be a voluntary payment, and the judgment would be no protection to him; for it would not be binding upon him if the court which rendered it had no jurisdiction over him.

Did the court have jurisdiction over the garnishee in this case? We are of the opinion that it did not.

The citation to the garnishee, in so far as is material to the present inquiry, is as follows:

"THE STATE OF TEXAS *to the sheriff or any constable of Galveston county, greeting:*

"WHEREAS, in the district court of Galveston county, in a certain suit wherein George Seeligson and Liberty S. McKinney, who comprise the firm of George Seeligson & Co., are plaintiffs, and Rowell Brothers, of Whitney, Hill county, Texas, are defendants, the plaintiff claiming an indebtedness against the said Rowell Brothers of $520.30, being interest and cost of suit, has applied for a writ of garnishment against the Sun Mutual Insurance Company, and service on James Sorley, agent and attorney of said company, for the purpose of service, who is alleged to be a resident of your county: Therefore, you are hereby commanded forthwith to summon the said James Sorley, agent and attorney for the Sun Mutual Insurance Company, if to be found within your county, to be and appear before the said court at the next term thereof, to be held at Galveston the 7th day of February, A. D. 1881, there and then to answer upon oath what, if anything, the Sun Mutual Insurance Company is indebted to the said Rowell Brothers," etc.

This citation is defective in that it does not direct the "Sun Mutual Insurance Company" to be summoned to appear and answer; but commands the officer to whom it is directed to summon the agent of the company to appear and answer.

The citation must direct the officer to summon the person or corporation against whom the proceeding is had. R. S., 187, 188, 196, 199, 1215. In case of process against a corporation, it may be served upon an agent, and the writ should so direct (R. S., 1223); but a writ which only directs the officer who is to execute it to summon the agent to answer is not sufficient. The writ of garnishment is the leading process in a garnishment proceeding. We are not unmindful of the decision made in case of G. & R. R. R. Co. v. Shepherd, 21 Tex., 277; and whether the rule laid down in that case, in reference to citations in ordinary cases, would be applicable to cases arising under the present laws regulating that matter, need not be considered.

The return of the officer who attempted to execute the writ of garnishment is not sufficient.

The return is as follows:

"Received this writ on the 8th day of January, A. D. 1881, at six o'clock, P. M., and executed the same on the 8th day of January, A. D. 1881, by serving a true copy thereof upon the within named James Sorley, garnishee, in person, in the county of Galveston.

"WM. A. HUTCHINGS, *Constable.*

"Galveston County, Texas."

This return does not show how it was "served." The statute requires that a writ of garnishment shall be served by delivering a copy thereof to the garnishee, and that return thereof shall be made as returns are made to other citations. R. S., 190.

Other citations require the return to show the manner of service, and this manner of service, in case of a corporation, must be by a delivery to the officer or agent of the corporation upon whom service is authorized to be made, a copy of the citation, or by leaving a copy of the same at the principal office of the company during office hours. R. S., 190, 1223.

So far as the return shows, the writ of garnishment may have been "served" by reading it to the agent, or leaving a copy thereof at his residence.

Such a return is not sufficient upon an ordinary citation and is equally defective as a return to a citation in garnishment. Graves v. Robertson, 22 Tex., 131; Thomason v. Bishop, 24 Tex., 302; Ryan v. Martin, 29 Tex., 413.

Before a judgment can be taken by default, as was the judgment in this case, against the garnishee, the return on the citation must show that a valid citation has been served as the statute requires.

It was an irregularity to not docket the garnishment proceeding as a separate suit; but this was a mere irregularity which would not affect the validity of the judgment, were the proceeding otherwise regular.

For the errors above indicated, the judgment as to the Sun Mutual Insurance Co., garnishee, is reversed, and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 13, 1883.]