# THE

# TEXAS LAW REPORTER.

## AUSTIN, TEXAS, MARCH, 1883.

## SUN MUTUAL INSURANCE CO. v. GEORGE SEELIGSON & CO.

COURT OF APPEALS, GALVESTON TERM, 1883.

*Garnishment—Jurisdiction.*—If the court had jurisdiction of the person of the defendant and of the subject matter of the suit, the garnishee cannot be heard to question the conclusiveness of the judgment as between plaintiff and defendant.

*Same—Service.*—The petition showed cause of action against Rowell Brothers, alleging their christian names to be unknown; the citations were not more definite and were served upon Henry and R. P. Rowell. *Held*—That as they suffered judgment by default, they thereby admitted the cause of action against them, and the presumption is they composed the firm.

*Same—Agent—Corporation.*—A citation against a corporation which only directs the officer, who is to execute it, to summon the agent to appear and answer, is not sufficient.

*Same.*—The Statute prescribes the mode of service of citation upon a corporation, and a return that the same was executed "by serving a true copy thereof upon the within named J. S. garnishee, in person," is defective.

Error from Galveston county. Opinion by Stayton, J.

It is true that there can be no valid judgment against a garnishee, unless there be a judgment against the defendant, and for this reason a garnishee is entitled to have an inquiry made as to whether or not, when a court has assumed to render a judgment against a defendant, it had jurisdiction over his person and over the subject matter of the suit; for if it had not, the judgment against the garnishee will be no protection to him.

If, however, the court had jurisdiction of the person of

the defendant, and of the subject matter of the suit, then the garnishee cannot be heard to question the conclusiveness of the judgment as between the plaintiff and defendant, for the judgment against himself in such case will be full protection to him for any payment he may make under it. (Drake on Attachments, 691-698.)

It is claimed that the judgment against Rowell Brothers is invalid, for the reason that there was no valid service upon the persons composing that firm.

The petition did not give the christian names of the persons who composed that firm, but alleged that the same were unknown. The citations followed the petition, and were not more definite, but were served upon Henry Rowell and R. P. Rowell. These persons, although cited, made default, and thereby admitted the cause of action against them, and the presumption is that they were the persons who composed the firm of Rowell Brothers.

The court had jurisdiction of their persons, and rendered a judgment against them, which is binding upon them.

If the garnishee, in any case, when he is properly before the court, sought to show that the person cited as the defendant, was not, in fact, the defendant and person to whom he was indebted, he would have the right so to do, for his own protection. A valid judgment is shown against Henry Rowell and R. P. Rowell, and was a sufficient basis for a judgment against the garnishee. (Rogers v. Bradford, 56 Tex., 633; 6 Mumf., 219; 4 Mumf., 430; 1 Wash., 372; 19 Wis., 362; 3 Harrington, 425; 16 Tex., 46; 15 Tex., 327; 14 Tex., 363; 14 Pa. St , 69.)

The garnishee not only has the right to resist a judgment against himself until there is a valid judgment against his creditor, or the persons for whom he holds property, but he has the right, and it is his duty, to resist a judgment against himself until the court has jurisdiction over him; otherwise any payment he might make would be a voluntary payment, and the judgment would be no protection to him, for it would not be binding upon him if the court which rendered it had no jurisdiction over him.

Did the court have jurisdiction over the garnishee in the case? We are of the opinion that it did not.

The citation to the garnishee, in so far as is material to the present inquiry, is as follows:

"THE STATE OF TEXAS,

"*To the Sheriff or any Constable of Galveston County, Greeting:*

"WHEREAS, In the district court of Galveston county, in a certain suit wherein George Seeligson and Liberty S. McKinney, who comprise the firm of George Seeligon & Co., are plaintiffs, and Rowell Brothers, of Whitney, Hill county, Texas, defendants—the plaintiff claiming an indebtedness against the said Rowell Brothers of $520.38, being interest and cost of suit, has applied for a writ of garnishment against the Sun Mutual Insurance Company, and service on James Sorley, agent, and attorney of said company, for the purpose of service, who is alleged to be a resident of your county; therefore, you are commanded forthwith to summon the said James Sorley, agent, and attorney for the Sun Mutual Insurance Company, if to be found within your county, to be and appear before the said court at the next term thereof, to be held in Galveston, the 7th day of February, A. D. 1881, there and then, to answer upon oath what, if anything, the Sun Mutual Insurance Company is indebted to the said Rowell Brothers," etc.

This citation is defective, in that it does not direct the "Sun Mutual Insurance Company" to be summoned to appear and answer; but commands the officer, to whom it is directed, to summon the agent of the company to appear and answer. The citation must direct the officer to summon the person or corporation against whom the proceeding is had. (R. S., 188, 187, 196, 199, 1215.) In case of process against a corporation it may be served upon an agent, and the writ should so direct (R. S., 1223); but a writ which only directs the officer, who is to execute it, to summon the agent to appear and answer, is not sufficient. The writ of garnishment is the leading process in a garnishment proceeding.

We are not unmindful of the decision made in the case of the G. & R. R. R. Co. v. Shepherd (21 Tex., 277); and whether the rule laid down in that case, in reference to citations in ordinary cases, would be applicable to cases arising under the present laws regulating that matter, need not be considered.

The return of the officer who attempted to execute the writ of garnishment is not sufficient.

The return is as follows:

"Received this writ on the 8th day of January, A. D. 1881, at 6 o'clock p. m., and executed the same on the 8th day of January, A. D. 1881, by serving a true copy thereof upon the within named James Sorley, garnishee, in person, in the county of Galveston.

"WM. A. HUTCHINGS, Constable,<br>
"Galveston County, Texas."

This return does not show how it was "served." The statute requires that a writ of garnishment shall be served by delivering a copy thereof to the garnishee, and that return thereof shall be made as returns are made to other citations. (R. S., 190.)

Other citations require the return to show the manner of service, and this manner of service in case of a corporation must be by a delivery to the officer or agent of the corporation upon whom service is authorized to be made, a copy of the citation, or by leaving a copy of the same at the principal office of the company during office hours. (R. S., 190, 1223.)

So far as the return shows, the writ of garnishment may have been "served" by reading it to the agent, or leaving a copy thereof at his residence.

Such a return is not sufficient upon an ordinary citation, and is equally defective as a return to a citation in garnishment. (Graves v. Robertson, 22 Tex., 131; Thompson v. Bishop, 24 Tex., 382; Ryan v. Martin, 29 Tex., 413.)

Before a judgment can be taken by default, as was the judgment in this case, against the garnishee, the return, on the citation, must show a valid citation has been served as the statute requires.

It was an irregularity to not docket the garnishment proceeding as a separate suit, but this was a mere irregularity, which would not affect the validity of the judgment, were the proceeding otherwise regular.

For the errors above indicated, the judgment as to the Sun Mutual Insurance Company, garnishee, is reversed and the cause remanded.    Reversed and remanded.