Opinion by
Will-son, J.
§ 242. Citation; requisites of; when a corporation is the defendant. The petition of Charles Sauls prayed for citation to the defendant, the railroad company, to be served upon its agent, F. D. Ungles. The citation commanded as follows: “You are commanded to summon (F. D. Ungles, agent of) the International & Great Northern Railroad, to appear,” etc. This citation was served upon said Ungles and duly returned. The defendant company did not answer in the suit, and judgment by default was rendered against it. Held: A citation, to be valid, must command the officer to whom it is directed to summon the defendant in the suit. [R. S. art. 1215.] It is not sufficient when it merely commands that the agent of the defendant be served. This suit being against an incorporated company, it was competent to serve the citation upon the local agent of such company in the county in which the suit was instituted. [R. S. art. 1223.] But this provision does not affect the requisite that the citation must command that the defendant be summoned. This precise question was determined by our supreme court in the case of Sun Mutual Insurance Co. v. Seeligson & Co. 59 Tex. 3. In that case it is said: “ This citation is defective in that it does not direct the ‘ Sun Mutual Insurance Company ’ to be summoned to appear and answer. The citation must direct the officer to summon the person or corporation against whom the proceeding is had. In case of process against a corporation, it may be served upon an agent, and the writ should so direct; but a writ which only directs the officer who is to execute it to summon the agent to answer is insufficient.” The citation in that case was against a garnishee, but it is not perceived that the rule *187 would be different in other cases. The rule, we think, is applicable to all citations, and the decision quoted virtually overrules the case of R. R. Co. v. Shepherd, 21 Tex. 274, which seems to hold a different doctrine.
June 7, 1884.
Eeversed and remanded.