### SADIE COMAN v. A. F. LINCOLN.

#### Decided February 21, 1901.

**1.—Appeal Bond from Justice to County Court—Condition.**

Where an appeal bond from the justice to the county court, under Revised Statutes, article 1670, was conditioned that if the judgment of the latter court was against appellant, she would "perform its judgment, sentence, or decree," this was sufficient, being equivalent in legal effect to the statutory provision that the appellant shall "pay off and satisfy the judgment that may be rendered against him on such appeal."

**2.—Same—Surplusage.**

If the obligation in such bond to "pay all such damages as said court may award against her" rendered the condition of the bond more onerous than required by law, such additional obligation may be treated as surplusage, and will not vitiate the bond.

Appeal from the County Court of Harris.  Tried below before Hon.
E. H. Vasmer.

*Brookman & Kahn,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee recovered a judg-
ment in the Justice Court for precinct No. 1 of Harris County against
the appellant for the sum $117.68.  Appellant's motion for a new trial
having been overruled, she gave notice of appeal to the County Court
of said county, and in due time filed her appeal bond as required by the
statute.  The condition of said bond is, "that the said Sadie Coman shall
prosecute her appeal with effect, and in case the judgment of the County
Court of Harris County, Texas, shall be against her, that she shall per-
form its judgment, sentence or decree, and pay all such damages as said
court may award against her."  Appellee filed in said County Court a
motion to dismiss said appeal because of the insufficiency of the appeal
bond.  The court below sustained said motion, and rendered a judgment
dismissing the appeal, from which judgment this appeal is prosecuted.

The appeal bond, which was held insufficient by the court below, con-
formed to all of the requirements of article 1670 of the Revised Stat-
utes, except that the condition of the bond was as before set out.  We
think that the condition of this bond, while not expressed in the exact
language prescribed by said article 1670, is the same in legal effect as
the condition prescribed in said article.  When appellant and her sure-
ties bound themselves to perform the judgment of the County Court in
case said judgment should be against appellant, they thereby bound
themselves to pay and satisfy such judgment, and in case the judgment
of the County Court should be against appellant, said judgment could
also be rendered against the sureties on said bond.  The condition of
this bond is in the exact language prescribed by the statute for a super-
sedeas bond from the district or county court to the Court of Appeals,
the very object and purpose of which is to authorize the appellate court,
in case the judgment of the court below is affirmed, to render judgment
against the sureties upon said bond.  The appeal bond from the Justice
to the County Court being in substantial compliance with the statute,
the court below erred in dismissing said appeal.  If the obligation to
pay damages rendered the condition of said bond more onerous than re-
quired by law, such additional obligation may be treated as surplusage,
and will not vitiate the bond.  Lee v. Stone, 1 White & W. Con. Cas.,
sec. 1277; Trial v. Lepore, Id., sec. 1275; Jones v. Langham, 29 Texas,
413; Landa v. Heerman, 85 Texas, 1.

The judgment of the court below will be reversed and this cause re-
manded for a new trial, and it is so ordered.

*Reversed and remanded.*