### HOLCOMB & HOKE MFG. CO. v. AMASON. (No. 7852.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1927.

Rehearing Granted Feb. 1, 1928.

**1. Judgment ⚙⟾17(2)—Default judgment may be taken against foreign corporation, where citation gives name of agent served, without proof of agency (Rev. St. 1925, art. 2031).**

Under Rev. St. 1925, art. 2031, authorizing service on certain agents of foreign corporations in state, judgment by default may be taken against a foreign corporation, where the citation gives the name of the agent without proof of agency, articles 1975, 1978, 2037, 2038, not being applicable.

**2. Judgment ⚙⟾123(1)—Statement of facts is unnecessary in action against foreign corporation, resulting in default judgment against it.**

No statutes require statement of facts in action against foreign corporation, resulting in default judgment against it.

**3. Corporations ⚙⟾668(1)—Plaintiff suing foreign corporation need not personally request clerk to issue citation.**

Law does not require plaintiff suing foreign corporation to personally request clerk to issue citation.

---

On Motion for Rehearing.

**4. Judgment**  ⟞17(10)—**Default judgment against foreign corporation will be set aside, where sheriff's return merely recited he had "served" citation on defendant's agent.**

Default judgment against foreign corporation, based on service on its agent in state, will be set aside, where sheriff's return did not show that a true copy of the citation, together with a certified copy of plaintiff's petition, was delivered, but merely stated sheriff's conclusion that he had "served" defendant's agent.

**5. Judgment**  ⟞18(2)—**Default judgment against foreign corporation will be set aside, where petition failed to show whether agent served was local or traveling agent or traveling salesman (Rev. St. 1925, arts. 2034, 2035).**

Default judgment against foreign corporation, based on service against its agent in state, will be set aside, where petition failed to show whether such agent was a "local agent, a traveling agent, or traveling salesman of such corporation," as required by Rev. St. 1925, arts. 2034, 2035.

Appeal from Wood County Court; H. V. Puckett, Judge.

Action by J. R. Amason against the Holcomb & Hoke Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Jones & Jones, of Mineola, for appellant. A. J. Britton, of Quitman, for appellee.

FLY, C. J. This is a suit by appellee against appellant to recover the sum of $90, and to cancel a certain note and mortgage given by appellee to appellant. It was alleged that appellee, who does business in Wood county, Tex., "desired to purchase a Butter Kist popcorn machine, or what is commonly known as a Butter Kist popcorn popper, which would butter said corn as it was parched, and delivered to the bin ready for packages and sale"; that he ordered the machine from appellant, "and agreed to pay therefor the sum of $367," of which $75 was cash, and a note for the balance in the sum of $292.50, payable in 29 payments of $9.70, and a final payment of $6.85, and executed a mortgage on the machine. It was alleged that appellant did not deliver the machine ordered by appellee, but changed the order from "1, style 2, Butter Kist popcorn machine" to "1, No. 2, Money Maker model popcorn machine"; the latter being a cheaper and inferior machine, "which will not do the work, and cannot be made to perform." Appellee obtained a writ of attachment, and seized a popcorn machine, the inferior one delivered to appellee, and prayed for a writ of injunction to restrain appellant from transferring the note and mortgage. The court rendered judgment by default in favor of appellee for $90, for a foreclosure of the

attachment lien, and for a cancellation of the note and mortgage.

[1, 2] Appellant made no appearance in the trial court, and nine of the twelve propositions assail the process and service had upon appellant, a resident of Indiana. It was alleged that appellant was a corporation organized under the laws of Indiana, with its principal office in Indianapolis, but having a permit to do business in Texas, and that Walter F. Seay, of Dallas, is the duly accredited agent of appellant in Dallas, Tex. It was alleged that the machine was represented to be in Dallas, Tex., when sold to appellee. It is provided in article 2031, Rev. Stats. 1925, that service may be had on foreign corporations, joint-stock companies or associations, by serving certain officers in any cause of action in this state, and that "process may also be served upon any local or traveling agent, or traveling salesmen of such corporation, joint-stock company or association, or acting corporation or association in this state." Seay was an agent for appellant in this state. Judgment by default may be taken against a foreign corporation where the citation gives the name of the agent, as was done in the citation in this case, without proof of agency. Delaware Ins. Co. v. Hutto (Tex. Civ. App.) 159 S. W. 73. Article 1978 is cited as showing that no valid judgment by default can be taken against a foreign corporation, but it has no reference to a case of this kind. That article must be taken in connection with article 1975, which refers alone to suits for an interest in property in this state, and has no application to suits against foreign corporations similar to this. The citation in this case commands service on the corporation "by serving Walter F. Seay, of Dallas county, Tex., its agent, in person a true copy of this citation, together with the accompanying certified copy of plaintiff's original petition." Such service was made. No statute requires a statement of facts in a case against a foreign corporation in a suit like this, when a judgment by default is taken.

[3] The second, third, fourth, fifth, and sixth propositions are overruled. The law did not require appellee to personally request the clerk to issue the citation. All that was necessary was the prayer for citation as set out in the petition. Articles 2037 and 2038 have no applicability to the case of a corporation having a local agent and doing business in Texas, but refer merely to personal service on a person without the state. It was unnecessary for appellee to issue any notice under articles 2037 and 2038. The allegations of the petition sufficiently indicate that Walter F. Seay was a local agent of appellant in Dallas county.

The law of citations as to garnishment cases is not applicable in a case of this char-

acter, and consequently the case of Insurance Co. v. Seeligson, 59 Tex. 3, has no applicability to a case of this character.

The clerk of the county court of Wood county approved the bond in attachment, and presumably fixed the amount of the same. The seventh proposition is overruled, for the reason that it is totally without merit.

The eighth, ninth, tenth, eleventh, and twelfth propositions, like the others, present barren technicalities, without basis in the law, and are all overruled.

The judgment is affirmed.

### On Motion for Rehearing.

[4, 5] The motion for rehearing will be granted because the return of the sheriff does not show that a "true copy of the citation, together with a certified copy of the plaintiff's petition, was *delivered* to Walter F. Seay," but the return is merely a conclusion of the sheriff that he had "*served*" the agent of appellant. Insurance Co. v. Seeligson, 59 Tex. 3; Ins. Co. v. Milliken, 64 Tex. 46. The petition failed to show whether or not Seay was a "local agent, a traveling agent, or traveling salesman of such corporation." Articles 2034, 2035, Rev. Stats. 1925. Because the petition did not indicate the character of the agency of Walter F. Seay, and because the return of the sheriff fails to show that the citation and copy of petition were *delivered* to the agent, the judgment by default will be set aside, and the cause remanded.