# Supreme Court of Texas

No. 25-0297

Champion Food Service, Inc. and Champion Food Service 2, Inc.,

*Petitioners,*

v.

ProAlamo Foods, L.L.C. and ProCoastal, L.L.C.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

CHIEF JUSTICE BLACKLOCK, joined by Justice Sullivan, concurring.

The jury awarded ProAlamo $46,396.58 in quantum meruit damages and $0 in attorney's fees. The district court changed the fee award from $0 to $219,674, roughly five times the damages. A divided court of appeals affirmed. I agree with the Court that $0 was the correct fee award all along because ProAlamo's quantum meruit claim fails as a matter of law. Even if that were not the case, the jury's award of no fees seems reasonable to me given the mixed result at trial. The district court's large upward adjustment of the fee award was plainly improper, as correctly observed by the dissenting justice in the court of appeals.

716 S.W.3d 881, 914–16 (Tex. App.—San Antonio 2024) (Martinez, C.J., concurring in part and dissenting in part).

This case was a food fight in more ways than one, and it ended in a messy verdict. The jury agreed to give ProAlamo some of what it asked for, but not much. The jury's quantum meruit findings supported ProAlamo, while the breach of contract findings supported Champion. In the end, ProAlamo lost its breach of contract claim, won considerably less than it asked for on its quantum meruit claim, and was on the receiving end of a jury finding that it breached the parties' contract (although no damages were awarded to Champion for that breach).

Asked about ProAlamo's reasonable attorney's fees, the jury obviously did not think ProAlamo spent zero dollars on lawyers. Instead, when asked by ProAlamo for a fee award dwarfing the amount in controversy, a jury that had just found ProAlamo responsible for a breach of contract thought $0 was the most reasonable response. Hardly surprising. In a multi-claim case, the jury resolved some issues for the plaintiff and some for the defendant, and then it declined to juice up the partially successful plaintiff's recovery by charging attorney's fees to the partially successful defendant. I struggle to see the problem—although I acknowledge there is plenty of murky water under this bridge, much of it this Court's doing. *See, e.g.*, *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1997); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483–506 (Tex. 2019). This opportunity having passed, perhaps we will soon have another chance to confront the

2

questions this case raised about the curious state of the law governing attorney's fee awards.

* * *

Departing from the American Rule, under which each side bears its own fees, the Legislature has provided that "[a] person *may* recover reasonable attorney's fees" on claims such as ProAlamo's quantum meruit claim. TEX. CIV. PRAC. & REM. CODE § 38.001(b) (emphasis added). It seems to me that "may recover" is quite different from "shall recover" or "is entitled to." A party who *may* recover also *may not*.

This Court has perhaps said the opposite, however: "Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary." *Bocquet*, 972 S.W.2d at 20 (citation modified) (contrasting statutes that say a prevailing party "may recover" fees with statutes that say a court "may award" fees).

Setting aside my reservations about this precedent, even under a "mandatory" fee-shifting statute there must be considerable discretion for the factfinder to determine a reasonable fee award. If the plaintiff clearly wins the case outright, then perhaps an award of no fees at all is likely to be unsupportable if fee-shifting is truly mandatory. But this case resulted in a mixed verdict. The jury question on fees did not differentiate between the claims ProAlamo won and those it lost. It just asked, "What is a reasonable fee for the necessary services of Plaintiffs' attorneys in this case?" Was there no room at all for the jury to decide that none of the fees were reasonable and necessary because all involved would have been better off if the litigation never existed? Or to decide that the necessity of the lawyer hours spent on the winning claims is

3

cancelled out by the wastefulness of the hours spent on the losing claims?

If a jury awards $0 in tort or contract damages, that is usually the end of it, as "[i]t is scarcely necessary to say, that it is beyond our power to reform the judgment by giving damages which the jury failed to assess." *Ledbetter v. Burns*, 42 Tex. 508, 512 (1875). But when a jury awards $0 in attorney's fees, often that is only the beginning, as it was in this case, which I suspect was worth the time and expense of Supreme Court litigation only because of the inflated fee award.[1]

Why the law would encourage courts to be more skeptical of a $0 attorney's fee award than of a $0 damages award is a mystery to me. This odd state of affairs goes unaddressed today, but it should not go unaddressed for much longer.

I respectfully concur and join the Court's opinion.

---

[1] *See also* 716 S.W.3d at 888–914; *Miller v. Debo Homes, LLC*, No. 14-15-00004-CV, 2016 WL 5399507, at *6–10 (Tex. App.—Houston [14th Dist.] Sept. 27, 2016, no pet.); *Glenn v. Pack*, No. 02-09-00204-CV, 2011 WL 167254, at *6–8 (Tex. App.—Fort Worth Jan. 13, 2011, no pet.); *Recognition Commc'ns, Inc. v. Am. Auto. Ass'n*, 154 S.W.3d 878, 890–91 (Tex. App.—Dallas 2005, pet. denied) (op. on reh'g); *Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 396–97 (Tex. App.—Texarkana 2003, pet. denied); *Cale's Clean Scene Carwash v. Hubbard*, 76 S.W.3d 784, 786–88 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Jackson L. Off., P.C. v. Chappell*, 37 S.W.3d 15, 23–24 (Tex. App.—Tyler 2000, pet. denied); *Satellite Earth Stations E., Inc. v. Davis*, 756 S.W.2d 385, 387 (Tex. App.—Eastland 1988, writ denied).

 

_____

James D. Blacklock
Chief Justice

**OPINION FILED:** June 19, 2026